IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:24-CV-01002-MOC-SCR

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| DAEJHANAE JACKSON[1], ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, NAZEER TYREE WIGGINS, UNITED STATES DEPARTMENT OF STATE, AND THE FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**FEDERAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

COMES NOW the United States of America, on behalf of the Federal Bureau of Investigation ("FBI") and United States Department of State ("State Department"), hereinafter "Federal Defendants," by and through Dena J. King, United States Attorney for the Western District of North Carolina, and moves to dismiss the Verified Amended Complaint ("Amended Complaint") (Doc. 6) filed in this civil action on November 22, 2024, for lack of subject-matter

---

[1] Plaintiff's Amended Complaint (Doc. 6) references for the first time E'Mani Green "formerly known as Daeijanae Jackson."

jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). In support of this Motion the Federal Defendants provide the following support.

## INTRODUCTION

This civil action was initiated on October 28, 2024, with the filing of a Verified Complaint in the Superior Court Division of Mecklenburg County, North Carolina, by Sallamondra Robinson, individually and as personal representative of the Estate of Shanquella Robinson ("Plaintiff"). The Verified Complaint named the FBI and State Department, *inter alia*, as defendants. On November 14, 2024, the United States appeared in this Court and made a limited appearance on behalf of Federal Defendants to notice the federal removal of this action pursuant to 28 U.S.C. §§ 1441(a), 1441(c), 1442(a)(1) and 1446 (Doc. 1). On November 22, 2024, Plaintiff filed the Amended Complaint in this Court. The Amended Complaint names, *inter alia*, the FBI and State Department as defendants and states that jurisdiction is proper pursuant to N.C. Gen. Stat. 1-82. *Id*. at 1.

The Amended Complaint seeks entry of an award of compensatory damages from Federal Defendants based upon their alleged negligence in relation to the death of Shanquella Robinson which occurred in Cabo San Lucas, Mexico on October 29, 2022. Amended Complaint, Counts VII and VIII and at 13 – 14 ("Prayer for Relief"). Plaintiff also seeks injunctive relief compelling the immediate release of records from the FBI. *Id*., Count IX.

The Amended Complaint should be dismissed, because the Court lacks subject matter jurisdiction over all of the claims Plaintiff seeks to assert against Federal Defendants.

## FACTUAL ALLEGATIONS

The allegations of the Amended Complaint, as they pertain to Federal Defendants, are as follows. Shanquella Robinson traveled to Cabo San Lucas, Mexico, for a vacation in October

2022. Amended Complaint ¶¶ 22 – 24. She arrived at the Puerto Los Cabos Villa Linda in Mexico on October 28, 2022. *Id*. The following day, on October 29, 2022, six other individuals who are named as defendants in this civil action ("the Cabo Six Defendants") arrived at the Villa. *Id*. Shanquella Robinson was pronounced dead at the Villa, in the presence of medical personnel and the Cabo Six Defendants, on October 29, 2022. *Id.* ¶ 61. According to the autopsy report of the Government of State of Baja California Sur, the cause of death of Shanquella Robinson was a spinal cord injury and atlas luxation. *Id*. ¶ 62 and at Exhibit C.

In November 2022, the FBI informed Sallamondra Robinson "that it opened an investigation into the murder of Shanquella Robinson." Amended Complaint ¶ 79. In April 2023, the FBI "advised Sallamondra Robinson, her family, and the public that no enforcement proceedings would commence and the agency would not be pursuing a federal prosecution of any of the Cabo Six Defendants." *Id*. ¶ 80. A records request seeking FBI information pertaining to Shanquella Robinson was mailed in compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on August 31, 2023. *Id*. ¶ 81. On September 28, 2023, the FBI advised that responsive records were exempted from disclosure under 5 U.S.C. § 552(b)(7)(A), as "expected to interfere with enforcement proceedings." *Id*. ¶ 83. On May 10, 2024, a renewed records request was made. *Id*. ¶ 85. The FBI responded to the request and "constructively denied the renewed request by stating that the estimated date of completion would be some time within 2,010 days, over 5 years." *Id*. ¶ 89. An appeal of this constructive denial was submitted and denied. *Id*. ¶ 94.

The "Factual Allegations" section of the Amended Complaint states no allegation pertaining to the State Department. However, in the "Causes of Action" section, the Amended Complaint states that the Mexican government submitted an extradition request to the State Department for one of the Cabo Six Defendants, and the State Department failed to forward the

request to the "Criminal Division's Office of International Affairs, as required." Amended Complaint ¶¶ 145 – 47.

Plaintiff states that she "presented timely Notices of Tort Claims, pursuant to the FTCA . . . and all applicable federal regulations, giving notice of the negligence caused by the acts or omissions of the [Federal Defendants]." Amended Complaint ¶ 3.

## CAUSES OF ACTION

Based upon the foregoing allegations, Plaintiff claims a cause of action against the Department of State for negligence. Amended Complaint at ¶¶ 142 – 148 (Count VII). Plaintiff states that the Mexican government submitted an extradition request to the State Department for one of the Cabo Six Defendants, and the State Department failed to forward the request to the "Criminal Division's Office of International Affairs, as required." *Id*. ¶¶ 145 – 47. Plaintiff claims that "[t]his failure . . . has permitted international fugitive Defendant E'mani to avoid facing legal proceedings for the murder she committed in Cabo San Lucas, Mexico." *Id.* ¶ 147.

Plaintiff also claims a cause of action against the FBI for negligence. Amended Complaint ¶¶ 149 – 161 (Count VIII). Plaintiff claims that the FBI has "the nondiscretionary duty to investigate murders of American citizens that occur overseas." *Id*. ¶¶ 151. Plaintiff claims that the FBI breached this duty "by failing to respond to this investigation with the appropriate seriousness and urgency," which "led to the erosion and destruction of evidence." *Id*. ¶¶ 155. Specifically, Plaintiff alleges that "due to the FBI's delay, the quality of the second autopsy completed by United States authorities was compromised, as Shanquella's body had been altered by embalming chemicals, decomposition, and the effects of being subjected to a full autopsy by Mexican authorities." *Id*. ¶ 157. "The FBI's inaction," Plaintiff contests, "has impeded

4

Sallamondra Robinson and her family's ability to receive closure and justice from the criminal prosecution of Shanquella Robinson's murderer." *Id*. ¶ 160

Finally, Plaintiff claims a cause of action against the FBI under the FOIA for failure to promptly release records. Amended Complaint ¶¶ 162 – 67.

The Court lacks subject matter jurisdiction over all of Plaintiff's claims against the Federal Defendants. The Amended Complaint should therefore be dismissed in its entirety pursuant to Fed.R.Civ.P. 12(b)(1).

## STANDARD OF REVIEW

A defendant may challenge subject matter jurisdiction in one of two ways. A defendant may seek dismissal of a Complaint under Fed.R.Civ.P. 12(b)(1) based on a facial challenge to the Complaint, arguing that the Complaint fails to allege facts upon which jurisdiction may rest; or, alternatively, a factual challenge, arguing that the jurisdictional allegations of the complaint are not true. *Kerns v. U.S.*, 585 U.S. 187, 192 (4th Cir. 2009). When a defendant brings a facial challenge, arguing that the allegations in the complaint are insufficient to confer subject-matter jurisdiction, "the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Id*.; *Evans v. United States*, 105 F.4th 606, 615 (4th Cir. 2024). "In evaluating such a challenge, the district court accepts all allegations as true and determines whether those allegations are sufficient to invoke jurisdiction." *Evans*, 105 F.4th at 615. When a defendant brings a factual challenge to subject-matter jurisdiction, "the court need not assume the truth of the allegations, may decide disputed issues of fact, and may venture outside of the pleadings to resolve the challenge." *Id*., citing *Kearns*, 585 at 192. In either case, the plaintiff bears the burden of demonstrating jurisdiction. *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017) (citing *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005); *Kerns,* 585 F.3d at 194;

*Vickers v. United States*, No. 1:20-CV-00092-MR-WCM, 2021 WL 5769991, at *2 (W.D.N.C. Dec. 6, 2021).

Rule 12 (b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). In considering a Rule 12 (b) (6) motion, the court considers the complaint, its attachments, documents incorporated by reference, matters of public record, and matters of which a court may take judicial notice. *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claims. as well as 'document[s] submitted by the movant' that are 'integral to the complaint' and of undisputed authenticity." *Li v. Shepherd Univ.*, No. 20-1967, 2022 WL 16919271, at *1 (4th Cir. Nov. 14, 2022) (quoting *Philips*, 572 at 180); *Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004) (quoting *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 n. 7 (4th Cir.1988) ( "district court's reliance on exhibits to motion to dismiss did not convert the motion into one for summary judgment because 'the facts to which the court so referred were either alleged in the amended complaint or contained in the exhibits thereto'"); *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (Court may consider evidence outside the pleadings without converting a Rule 12(b)(1) motion into one for summary judgment.)

Here, Federal Defendants raise a facial jurisdictional challenge to the Amended Complaint and also present an argument that the Amended Complaint fails to state a claim upon which relief may be granted. Thus, the Court should apply the 12(b)(6) standard and accept as true all allegations of the Amended Complaint both in determining whether it has jurisdiction over Plaintiff's claims, *Evans*, 105 F.4th at 615, and in determining whether Plaintiff states a claim for

which relief may be granted under the FTCA. The Court may consider the declarations attached to this motion regarding Plaintiff's alleged submission of administrative claims without converting Federal Defendants' motion into one for summary judgment, because Plaintiff references such claims in the Amended Complaint. Amended Complaint ¶ 3; *Li*, 2022 WL 16919271, at *1; *Pueschel*, 369 F.3d at 354 n.3.

## ARGUMENT

A. <u>The Court Lacks Jurisdiction Over Plaintiff's Putative Tort Claim Against the FBI due to the Discretionary Function Exception to the FTCA</u>**.**

Plaintiff seeks money damages from the Federal Defendants based on alleged negligence by the FBI and the State Department. Under settled principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (string citation omitted). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent must be "unequivocally expressed [by Congress] in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Evans*, 105 F.4th at 612 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1041).

The FTCA provides the exclusive waiver of sovereign immunity of the United States to defend civil actions brought against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.S. § 2679(b). As with any waiver of sovereign immunity, the terms of the FTCA "must be strictly construed, [and] the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply." *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017) (citing *Welch v. United States*, 409 F.3d 646, 651

(4th Cir. 2005); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir.1995) (Plaintiffs bear the burden of demonstrating an unequivocal waiver of sovereign immunity).

The FTCA's limited waiver of sovereign immunity is subject to several exceptions set forth in 28 U.S.C. § 2680, which "are designed to protect certain important government functions and prerogatives from disruption." *Molzof v. United States*, 502 U.S. 301, 311 (1992); *see also Richards v. United States*, 369 U.S. 1, 13 n. 28 (1962). Among these exceptions is the discretionary function exception, which bars "any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680 (a).

The Supreme Court has created a two-part test for determining whether a claim is barred by the discretionary function exception. First, courts must determine whether the act "involv[es] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). In assessing this first question, courts look to whether "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow[.]" *Gaubert,* 499 U.S. at 322 (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

Second, if the conduct does involve judgment or choice, courts then look to "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322-23 (quoting *Berkovitz*, 486 U.S. at 536). "The basis for the discretionary function exception was Congress' desire to 'prevent judicial second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Berkovitz*, 486 at 536-537 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Thus, the exception protects "governmental actions and decisions based on

considerations of public policy." *Gaubert*, 499 U.S. at 323 (citation and internal quotation marks omitted).  Importantly, it is immaterial whether various policy considerations actually were considered, because "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325.  Furthermore, "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 323.  Also, the discretionary function exception applies even if the government's conduct was negligent or an abuse of discretion.  *See Gaubert*, 499 U.S. at 323.

To survive a motion to dismiss, "the plaintiff must invoke . . . jurisdiction by alleging a claim that is facially outside of the discretionary function exception."  *See St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009); *see also Gaubert*, 499 U.S. at 324-25. Where the exception applies, no federal subject matter jurisdiction exists.  *Suter v. United States*, 441 F.3d 306, 313 (4th Cir. 2006).

Plaintiff's Amended Complaint includes a putative cause of action against the FBI for negligence.  The factual allegations of the Amended Complaint pertaining to the FBI are that: "The FBI inform[ed] Sallamondra Robinson that it opened an investigation into the murder of Shanquella Robinson in November 2022," Amended Complaint ¶ 79; and "[i]n April of 2023, the FBI advised Sallamondra Robinson, her family, and the public that no enforcement proceedings would commence and the agency would not be pursuing federal prosecution of any of the Cabo Six Defendants." *Id*. ¶ 80.  Plaintiff summarily states that the FBI has "the nondiscretionary duty to investigate murders of American citizens that occur overseas," and that the FBI breached this

9

Case 3:24-cv-01002-MOC-SCR     Document 27     Filed 01/21/25     Page 9 of 20

duty "by failing to respond to this investigation with [ ] appropriate seriousness and urgency." *Id*. ¶ 151.

Applying the *Gaubert* test, the Court must dismiss this claim. First, the challenged conduct involved an element of "judgement or choice." *Gaubert*, 499 U.S. at 322. It is not disputed that the FBI conducted an investigation. Rather, Plaintiff's claims arise from the manner in which the investigation was conducted. As the Fourth Circuit and courts in other Circuits have repeatedly recognized, the manner in which investigatory and prosecutorial functions are executed by federal officials is discretionary. *See Blanco Ayala v. United States*, 982 F.3d 209, 217–18 (4th Cir. 2020) (quoting *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983) ("Prosecutorial decisions as to whether, when and against whom to initiate prosecution are quintessential examples of governmental discretion in enforcing the criminal law, and, accordingly, courts have uniformly found them to be immune under the discretionary function exception.")); *Suter v. United States,* 441 F.3d 306 (4th Cir.2006) (claim of negligence in investigating fraudulent scheme barred by discretionary function exception); *Burgess v. Watson*, No. 1:12CV810, 2014 WL 4540256, at *3 (M.D.N.C. Sept. 11, 2014) (collecting cases). Decisions regarding whether to arrest and ultimately prosecute a suspect are discretionary and, as such, barred by § 2680 (a). *Strong v. Dyar*, 573 F. Supp. 2d 880, 887 (D. Md. 2008) (citing *Shuler v. United States*, 448 F.Supp.2d 13, 20 (D.D.C.2006); *Amato v. United States*, 549 F.Supp. 863, 866 (D.N.J. 1982).

Notably, Plaintiff does not allege that any employee of the FBI ran afoul of any specific Federal statute, regulation, or agency policy relating to the conduct of an investigation. By failing to so, Plaintiff has not carried her burden of pleading a cause of action that is facially outside of the discretionary function exception.

Applying the second prong of the *Gaubert* test, the Court should presume that the challenged conduct in this case is grounded in considerations of public policy, *Gaubert*, 499 U.S. at 323, because the challenged conduct is "susceptible to policy analysis." *Gaubert*, 499 U.S. at 325). It is immaterial whether various policy considerations actually were considered, because "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Gaubert*, 499 U.S. at 325; *Stone v. United States through Huntington Veterans Affs. Med. Ctr.*, No. CV 3:19-0538, 2020 WL 1814534, at *5 (S.D.W. Va. Apr. 9, 2020), aff'd sub nom. *Stone v. United States*, 830 F. App'x 412 (4th Cir. 2020) (collecting cases).

It is indisputable that "Congress did not intend to provide for judicial review of the quality of investigative efforts." *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir.), *cert. denied*, 479 U.S. 849 (1986). Decisions made by the FBI during the course of conducting an investigation must be protected from civil liability by the discretionary function exception, "even when those decisions result in harm to innocent third parties," because "[i]mposing liability for such decisions would seriously handicap the FBI and other federal law enforcement agencies in carrying out the important duties assigned to them by Congress." *Suter*, 441 F.3d at 312 (citation and quotation marks omitted).[2] For all of these reasons, Plaintiff's asserted negligence claim against the FBI is excluded from jurisdiction under the FTCA by the discretionary function exception.

---

[2] In the particular context of investigation of a matter that occurred in a foreign county, there are additional practical and diplomatic considerations that require discretion on the part of the FBI. "For both practical and diplomatic reasons, criminal investigations within another country require the acquiescence, consent, or preferably the assistance, of the authorities of the host country." Extraterritorial Application of American Criminal Law, Congressional Research Service (Updated March 21, 2023) (Summary), available at: https://crsreports.congress.gov/product/pdf/RL/94-166 (last visited Nov. 21, 2024). Even when a U.S. statute is considered to have an extraterritorial

B.  The Court Lacks Jurisdiction Over Plaintiff's Putative Tort Claims Against Federal Defendants Because There exists no Private Party Analogue.

Under § 1346(b)(1), the United States waives sovereign immunity to suit only where local law would make a "private person" liable in tort for the conduct alleged to have been taken by the government.  *United States v. Olson*, 546 U.S. 43 (2005).  "This requirement, known as the 'private-party analogue,' must be met to establish subject matter jurisdiction over a claim brought pursuant to the FTCA."  *Nations v. United States*, No. 1:22-CV-00010-MR-WCM, 2024 WL 645329, at *3 (W.D.N.C. Feb. 15, 2024) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). Thus, "[i]t is virtually axiomatic that the FTCA does not apply "where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs."  *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997) (collecting cases); *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 509 (D.C. Cir. 2009) (same).  "Even if specific behavior is statutorily required of a federal employee, the government is not liable under the FTCA unless state law recognizes a comparable liability for private persons."  *Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995) (citing *Zabala Clemente v. United States*, 567 F.2d 1140, 1149 (1st Cir. 1977), *cert. denied*, 435 U.S. 1006 (1978)); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (same).

Plaintiff appears to allege injuries from conduct of Federal Defendants that allegedly occurred in North Carolina.  The Amended Complaint does not state where the allegedly actionable conduct occurred, but it cites North Carolina General Statute 1-77 in its statement of venue (Amended Complaint ¶ 1), which provides in part that an action "[a]gainst a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or

---

reach, "prosecutions have been relatively few," because "[i]nvestigators and prosecutors face legal, practical, and often diplomatic obstacles that can be daunting."  *Id*. at 24.

against a person who by his command or in his aid does anything touching the duties of such officer," must be tried in the county where the cause of action arose. N.C. Gen. Stat. Ann. § 1-77. Plaintiff initially filed this action in Mecklenburg County, from which it may be inferred that Plaintiff alleges the actionable conduct of Federal Defendants arose in North Carolina. Therefore, the Court must determine whether the state law of North Carolina recognizes a cause of action against a private party in circumstances analogous to those Plaintiff alleges. *Meyer*, 510 U.S. at 477-78 (reference in 28 U.S.C. § 1346(b)(1) to the "law of the place where the act or omission occurred" means the law of the state, which is the source of substantive liability under the FTCA); *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred.") (citing 28 U.S.C § 1346(b)); *Nations*, 2024 WL 645329, at *3 (citing *Medina*).

Here, Plaintiff claims liability of the State Department for negligence on the basis that it "failed to forward" an extradition request from a foreign government "to the Criminal Division's Office of International affairs, as required," Amended Complaint ¶ 146, and of the FBI on the basis that it "failed to respond to th[e] investigation with the appropriate seriousness and urgency," *id*. ¶ 165. To be sure, Plaintiff acknowledges that the FBI conducted an investigation, *id.* ¶¶ 79, 152; but takes issue with the fact that the investigation did not result in a federal prosecution, *id.* ¶¶ 80, 160 - 62. The Amended Complaint does not identify the source of the alleged requirement of the State Department to handle extradition requests in a particular manner, or of an FBI investigation to result in a prosecution, nor does it refer to any state law duty that the Federal Defendants breached.

In short, Plaintiff has not met her burden to demonstrate a private analogue for her claim, nor does one exist: neither the law of North Carolina nor of any other state imposes a duty on a private party to perform the type of function in relation to international affairs which is the alleged State Department conduct at issue nor the type of prosecutorial mandate the Amended Complaint would assign to the FBI here. *See, e.g., Faktor v. United States*, No. 1:20-CV-263 (CKK), 2021 WL 848686, at *1 (D.D.C. Mar. 4, 2021) (no private analogue, therefore no jurisdiction over claim arising from State Department's alleged negligent adjudication of a claim for compensation under fund established by international agreement); *Maliek-Ali v. U.S. Dep't of State*, No. CV 18-102, 2019 WL 1436923, at *2 (W.D. Pa. Apr. 1, 2019) (no private analogue for claim of negligent handling of passport application); *Mesnaoui v. Berlowitz*, No. C 11-03165 LB, 2012 WL 464001, at *4 (N.D. Cal. Feb. 13, 2012) (same); *Gauthier v. United States*, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *10 (D. Mass. Sept. 2, 2011) (no private analogue for alleged failure of embassy staff to provide American citizens with consular assistance to aid in the investigation and reporting of a crimes); *Bolduc v. United States*, 402 F.3d 50, 56 (1st Cir. 2005) (no private analogue for FBI Agent's alleged failure to provide exculpatory information to prosecutor); *Suter v. United States*, No. 3:04CV358, 2005 WL 6124845, at *2 (W.D.N.C. Mar. 1, 2005), aff'd on other grounds, 441 F.3d 306 (4th Cir. 2006) (no private analogue for alleged negligence in conducting or supervising a criminal investigation); *Randles v. United States*, No. CV 23-00200-KD-MU, 2024 WL 346518, at *3 (S.D. Ala. Jan. 30, 2024) (No private analogue for FBI call center's alleged failure to receive evidence or information regarding a crime); *Ware v. United States*, 838 F. Supp. 1561, 1563 (M.D. Fla. 1993) (no private analogue for FBI continuing investigation of a crime).

Because there exists no private party analogue for the torts Plaintiff alleges against Federal Defendants, those claims must be dismissed for lack of jurisdiction. *Suter*, 2005 WL 6124845, at *2.

C. <u>Plaintiff's Claim Against the FBI is also Barred, in part, by the Foreign Country Exception.</u>

Plaintiff's tort claim against the FBI is also barred, in part, by the "foreign country" exception to the FTCA, which bars from jurisdiction any claim based on an injury suffered in a foreign country, regardless of where the tortious act or omission occurred. 28 U.S.C. § 2680(k); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). Plaintiff claims injuries arising from the conduct of Mexican government authorities, including a claim that the Federal Defendants are liable for "Shanquella's body [having] been altered by embalming chemicals, decomposition, and the effects of being subjected to a full autopsy by Mexican authorities." Amended Complaint at ¶ 157. Even if it were possible to hold the FBI responsible for the conduct of Mexican government authorities (which it is not), any such claim would arise from the conduct of Mexican government authorities taken in Mexico. It therefore is barred by the foreign country exception to the FTCA's waiver of sovereign immunity and therefore must be dismissed pursuant for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12 (b) (1).

D. <u>Plaintiff Did Not Exhaust Administrative Remedies Under the FTCA, Thus, the Court Lacks Jurisdiction Over her Putative FTCA Claims</u>.

As stated above, as with any waiver of sovereign immunity, the terms of the FTCA "must be strictly construed." *Wood*, 845 F.3d at 127; *Welch*, 409 F.3d at 651. A critical term of the FTCA's waiver is that a claimant may not bring suit under the FTCA "until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106 (1993).

This requirement is clearly stated in § 2675(a) of the FTCA, which provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Accordingly, if a suit is instituted without first presenting an administrative claim to the relevant Federal agency, or if a suit is instituted before such time as the agency issues a final denial of such a claim or six months have passed, the court lacks jurisdiction. 28 U.S.C. § 2675(a); *see also Estate of Van Emburgh*, 95 F.4th 795, 800-04 (4th Cir. 2024) (FTCA's presentment requirement is a jurisdictional prerequisite to suit under the FTCA, and 28 U.S.C. § 2675 is the sole source of jurisdictional requirements for the FTCA's administrative exhaustion requirement); *Ghaisar v. United States*, 2019 WL 386145, *2 (E.D. Va. 2019) (FTCA conditions jurisdiction on presentment of a claim and final denial).[3]

Plaintiff alleged in the Amended Complaint that she presented "timely Notices of Tort Claims" to the Federal Defendants. Amended Complaint ¶ 3. However, she does not allege that she exhausted administrative remedies, nor in fact did she. As demonstrated by the declaration of William L. Harris, Government Exhibit (GE A), the FBI received correspondence from Plaintiff entitled "October 25, 2024 Notice of Intent to Sue Federal Bureau of Investigation," on November 4, 2024; and, as demonstrated by the declaration of Kristina Beard, (GE B) the State Department has no record of receiving any purported administrative tort claim related to this matter.[4] Plaintiff

---

[3] This case does not concern equitable tolling of the time bar imposed by 28 U.S.C. § 2401(b); therefore, the holding of *United States v. Wong,* 575 U.S. 402 (2015), which did not address the exhaustion requirement of 28 U.S.C. § 2675(a), is inapposite.

[4] The governing regulations of the FTCA provide that:

initiated this civil action with the filing of a Complaint on October 28, 2024. Doc. 1. Thus, even if Plaintiff's communication to the FBI constituted submission of an administrative claim as to the alleged acts/omissions of the FBI, which it did not, the original defect of the Complaint's premature filing cannot be cured. *See Fishman v. United States*, No. 5:08-CT-3115-BO, 2011 WL 2618897, at *2 (E.D.N.C. July 1, 2011), aff'd, 473 F. App'x 327 (4th Cir. 2012) ("A [FTCA] case that is filed before the denial has issued or six-month period has elapsed is not rescued simply because time has passed or a denial is issued at a later time.") (citing *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990)). And as noted, Plaintiff failed to submit any administrative claim to the Department of State. Plaintiff's putative FTCA claims are premature and must be dismissed pursuant to Fed.R.Civ.P. 12 (b) (1).[5]

---

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor . . . or other representative.

28 C.F.R. § 14.2 (a). The letter received by the FBI did not meet these requirements, because it did not state damages in a sum certain, nor was it signed by the claimant nor counsel, accompanied by evidence of authority to do so.

[5] The Amended Complaint is also subject to dismissal under Fed.R.Civ.P. 12(b)(6), for failure to state a claim against the United States under the FTCA, because plaintiff did not name the proper defendant to suit. *Rhinehardt v. Dep't of Veteran Affs.*, No. 1:22-CV-00224-MR-WCM, 2022 WL 16700684, at *1 (W.D.N.C. Nov. 3, 2022) (dismissing complaint for failure to state a claim and noting that complaint was also subject to dismissal because named defendant agency was not a proper party to suit under FTCA).

E. The Court Lacks Derivative Jurisdiction Over Plaintiff's FOIA Claim.

The doctrine of derivative jurisdiction provides that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court where the case originated. Thus, "'[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.'" *Latimer v. US Soc. Sec. Admin.*, No. 3:12CV406-MOC-DSC, 2012 WL 3542567, at *1 (W.D.N.C. July 26, 2012) (quoting *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382 (1922) and collecting cases). In other words, if a state court lacks subject matter jurisdiction to adjudicate a case, and that case is removed to federal court, the federal court lacks jurisdiction because it derives its jurisdiction from the state court—even if the federal court would have jurisdiction in a similar suit originally filed there. *See Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) (affirming dismissal of action for lack of derivative jurisdiction over Title VII action filed in state court); *see also Palmer v. City Nat. Bank, of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007) ("The doctrine of derivative jurisdiction requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had over the action prior to removal.").

The FOIA confers jurisdiction exclusively in the federal courts, 5 U.S.C. § 552 (a) (4) (B), and authorize[s] lawsuits against Executive-branch agencies only, 5 U.S.C. § 552 (f) (1). But this suit was "commenced in a State court and [ ] is against or directed to . . . [t]he United States or any agency thereof." 28 U.S.C. § 1442 (a) (1). Though it was properly removed to Federal Court on that ground, this Court did not acquire jurisdiction over the originally jurisdictionally defunct FOIA claim. *Palmer v. City Nat. Bank, of W. Va.*, 498 F.3d 236, 239 (4th Cir. 2007) (dismissal of case removed under § 1442); *Kasi v. Angelone*, 300 F.3d 487, 504 n. 6 (4th Cir. 2002) (same); *United States v. Williams*, 170 F.3d 431, 433 (4th Cir. 1999) (same).

Because the North Carolina court "never acquired jurisdiction over either the subject matter [FOIA claim] or the [FBI] as a United States agency," the district court "can acquire none from the removal under § 1442." *Biron v. George*, No. CV 21-3307 (CKK), 2023 WL 1765175, at *3 (D.D.C. Feb. 3, 2023) (dismissal of FOIA claim); *Cummings v. United States Dep't of Just.*, No. CV 22-2251 (CKK), 2023 WL 4364164, at *4 (D.D.C. July 6, 2023), appeal dismissed, No. 23-5164, 2023 WL 11868672 (D.C. Cir. Oct. 17, 2023) (dismissal of removed Title VII action).

## CONCLUSION

WHEREFORE, based upon the forgoing argument and the entire record herein, the Federal Defendants respectfully request dismissal of the Complaint pursuant to Fed.R.Civ.P. (12 (b) (1).

This 21st day of January, 2025.

                Respectfully submitted,

                DENA J. KING
                UNITED STATES ATTORNEY

                **s/GILL P. BECK**
                ASSISTANT UNITED STATES ATTORNEY
                CHIEF, CIVIL DIVISION
                N.C. Bar No. 13175
                Room 233, U. S. Courthouse
                100 Otis Street
                Asheville, North Carolina 28801-2611
                Phone:  828-259-0645
                Fax:  828-271-4327
                Email:  gill.beck@usdoj.gov

# CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 21st day of January, 2025.

s/GILL P. BECK
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION