IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SALLAMONDRA ROBINSON INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>DAEJHANAE JACKSON, ALYSSE HYATT, MALIK DYER WENTER DONOVAN, KHALIL COOKE, NAZEER TYREE WIGGINS, UNITED STATES DEPARTMENT OF STATE AND THE BUREAU OF INVESTIGATION,<br><br>Defendants. | CA No.: 3:24-cv-01002 |

**DEFENDANTS ALYSSE HYATT AND WENTER DONOVANS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR IMPROPER VENUE**

NOW COME Defendants Alysse Hyatt and Wenter Donovan, through their Counsel, and pursuant to LCvR 7.1(c) file this Memorandum in Support of move the Court to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue.

**STATEMENT OF THE CASE**

Plaintiffs filed the North Carolina state court Complaint that initiated this particular civil action on October 28, 2024. (DN 6). Defendants Federal Bureau of Investigation and United States

1

Department of State chose to remove the matter to this Court on November 14, 2024. Defendants Wenter Donovan and Alysse Hyatt now move to have the claims against them pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue under the doctrine of *forum non conveniens*.

## STATEMENT OF THE FACTS

Plaintiffs action has various legal theories against bystanders Wenter Donovan and Alysse Hyatt arising out of a fight between two of their travel companions on a trip to Cabo San Lucas, Mexico on or about October 29, 2022. (Compl. 25). The Deceased Ms. Robinson died in the hours following the fight. There is no allegation that Defendant Donovan or Hyatt participated in the fight or touched anyone. Various individuals who all reside in Mexico participated in the treatment of the deceased including Doctors and hotel personnel—each of which are the critical witnesses to support Plaintiffs' theory that these Defendants had a duty to act and negligently performed that duty. Their testimony would be an essential part of any trial of the action. The claims occurred in Mexico; and would be governed by Mexico law. Mexico also has a civil justice system. To these Defendants knowledge, no claim has yet been filed in Mexico..

## QUESTION PRESENTED

By their motion, Plaintiffs present the following question to the Court:

Should the Court dismiss the claims against Donovan and Hyatt for improper venue pursuant to the Doctrine of *forum non conveniens*.

## ARGUMENT

The U.S. Supreme Court relatively recently clarified that a federal district court ought dismiss claims in an action "on the grounds that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) In Sinochem, the civil dispute revolved around a dispute involving a boat in which the operative facts arose in China. *Id.* The holding was that the District Court could dismiss the action at the outset—even before evaluating personal and subject matter jurisdiction. *Id.*

In *Gulf Oil Corp.* v. *Gilbert,* 330 U.S. 501 (1947), Justice Jackson described some of the multifarious factors relevant to the *forum non conveniens* determination:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility *[sic]* of a judgment if one is obtained ....
> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Id.,* at 508-509.2

From this concept, the Supreme Court in *Sinochem* decided and held that "the gravamen of Malaysia International's complaint—misrepresentations to the Guangzhou Admiralty Court in

3

the cours of securing arrest of the vessel in China – is an issue best left for determination by the Chinese courts." *Sinochem*, 549 U.S. at 12. As such, the case was dismissed pursuant to Rule 12(b)(3) at the outset of the litigation.

Here too the "gravamen" of the Complaint surrounds interactions with hotel workers and doctors which are all located in Mexico. Further, the parties were all in Mexico and the applicable claims against Donovan and Hyatt directly involve Mexican tort law and theories of, among others, civil negligence, contributory or comparative negligence, bystander duties, medical treatment all of which will be determined by the laws of Mexico. Here in the Western District of North Carolina, Defendants Donovan and Hyatt have no ability to obtain the testimony of the applicable witnesses to present a fair defense for the Court and Jury to determine the issues on the merits. Further, a Court in Mexico is in a significantly better position to evaluate and apply the laws of that jurisdiction to the alleged facts in this dispute. By any measure, this case ought be decided by a civil court in Mexico.

## CONCLUSION

For the reasons stated herein, the Undersigned respectfully moves the Court for an Order allowing jurisdictional discovery as outlined herein.

This is the 21st day of February, 2025.

>*/s/ Andrew H. Brown*
>Andrew H. Brown
>N.C. State Bar No. 28450
>Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC  27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com