| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 3:24-cv-01002 |

SALLAMONDRA ROBINSON,           )
INDIVIDUALLY AND AS             )
PERSONAL REPRESENTATIVE OF      )
THE ESTATE OF SHANQUELLA ROBINSON, )
DECEASED.                       )
                                )
    *Plaintiff*,

v.                              )
                                )
E'MANI GREEN,                   )
ALYSSE HYATT,                   )
MALIK DYER,                     )
WENTER DONOVAN,                 )
KHALIL COOKE,                   )
NAZEER TYREE WIGGINS,           )
UNITED STATES DEPARTMENT OF     )
STATE, AND THE                  )
FEDERAL BUREAU OF INVESTIGATION, )
                                )
    *Defendants*.
_____/

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANTS'MOTION TO DISMISS FOR IMPROPER VENUE**

**COMES NOW**, pursuant to LCvR 7.1(c), by and through undersigned counsel, Ms. Sallamondra Robinson submits this memorandum in response to Defendants' Motion, respectfully requests this Honorable Court to dismiss the Defendant's Motion to Dismiss for Improper Venue, and in support thereof states as follows:

In no way is the Mexican judicial system more appropriate or convenient to adjudicate this action. The balance of the private and public interest factors weigh in favor of this Court denying Defendants' motion.

Dismissal on the basis of *forum non conveniens* is justified when "the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). When deciding whether dismissal is appropriate, a court must assess a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 429 (2007), (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 723 (1996)). "Important considerations are the (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and (3) the cost of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. The court will weigh relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. **But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."** Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). (alterations added.)

# ARGUMENT

Before this court is a suit by an American plaintiff against American defendants for conduct that may have started in a foreign country but continued on American soil. In 2022, the Plaintiff's daughter, Shanquella Robinson, was brutally killed. (Compl. 19; 61) After watching and recording the violent attack that took her life, the Defendants fled the scene to North Carolina. (Compl. 65-70) The Complaint sufficiently alleges that the Defendants conspired to conceal and destroy evidence. The acts committed in furtherance of the conspiracy occurred in North Carolina. The Defendants also conspired to promote and circulate the now-viral video depicting the attack. (Compl. 122-141) As alleged in the Complaint, the Cabo Six Defendants[1], including Defendant Hyatt and Defendant Donovan, left Mexico immediately after Shanquella Robinson's murder to evade accountability and criminal prosecution. (Compl. 67-70)

Similarly, the Defendants' motion can best be read as an attempt at forum shopping. Fundamentally, the Defendants' motion fails to assert an adequate alternative forum to warrant dismissal. Their assertion that "this case ought to be decided by a civil court in Mexico" is wholly insufficient. (Def. Memo at 4.)

As a preliminary matter, the Plaintiff disputes that all claims giving rise to this litigation occurred in Mexico. The Verified Complaint alleges Defendants' tortious conduct constituted negligence, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl. 105-141) Plaintiff, Sallamondra Robinson suffered her injuries in North Carolina. All claims made against Defendant Hyatt and Defendant Donovan touch and concern the territory of the United States. At all times material to the allegations set forth in the Complaint, the Plaintiff and Defendants' primary residence was within North Carolina. (Compl.

---

[1] In the Verified Complaint, Plaintiff refers to Defendants E'mani Green, Alysse Hyatt, Malik Dyer, Wenter Donovan, Khalil Cooke, and Nazeer Tyree Wiggins as the Cabo Six Defendants.

6; 8) Upon information and belief, the majority of the relevant communications among the Cabo Six Defendants at issue in this action occurred in North Carolina. Defendant Hyatt and Defendant Donavan's acts in furtherance of the conspiracy to conceal critical information about the circumstances surrounding Shanquella Robinson's death occurred in North Carolina. Thus, this is the most appropriate and convenient forum for this action.

Among the Gulf Oil factors, this Court should consider the location of witnesses. 330 U.S. at 501. The Cabo Six Defendants are material witnesses to the violent attack, the agreement to conceal critical evidence in the investigation of Shanquella Robinson's murder, and the promotion of the viral video that further traumatized the Plaintiff. Of all the witnesses that may be called at trial in this litigation, these defendants have the most relevant information. Additionally, witnesses that may be called to establish facts relevant to Sallamondra Robinson's injuries and damages also reside exclusively in the United States. It is nonsensical that Mexico would be the more appropriate and convenient location for these witnesses.

In the same vein, consideration of ease of access to sources of proof weighs in favor of the Plaintiff. Relevant phone and social media records are within the possession of nonparty companies that are incorporated in the United States. Business records custodians for relevant medical records reside in the United States, not Mexico.

Defendants incorrectly argue they are precluded from obtaining the testimony of Mexican residents who were involved in the decedent's medical treatment. Defendants claim that they "have no ability to obtain the testimony of the applicable witnesses to present a fair defense for the Court and Jury to determine the issues on the merits." (Def. Memo at 4.) Their motion, however, omits any explanation for the alleged inability, nor have Defendants asserted any

impeded effort to obtain this testimony.[2] There is no allegation that these alleged witnesses in Mexico would be unwilling or unable to provide this testimony to the parties or the Court. Most importantly, the Defendants failed to articulate how this issue would be resolved if the suit was brought in "a civil court in Mexico." To the contrary, if the suit was brought in Mexico, Defendants' concerns would be exacerbated.

Here, the Defendants are not corporations, headquartered in Mexico. Upon information and belief, the Defendants had no professional or personal ties to the country before or after the murder of Shanquella Robinson. If Defendants Hyatt and Donovan declined to provide critical evidence to Mexican law enforcement, it is hard to imagine that they would readily avail themselves to litigation in the foreign country. With her own government's refusal to thoroughly investigate the murder of her child, this forum is the only recourse for this grieving mother and the countless interested Americans to get answers. Dismissal of these claims on these grounds would send a frightening message to the American public.

## **CONCLUSION**

The Defendants' requested remedy in their memorandum is not dismissal, but rather permission to conduct jurisdictional discovery. Plaintiff, by and through undersigned counsel, requests this Honorable Court to dismiss the Defendants' Motion or in the alternative for an

---

[2] In light of the recent expansion of videoconferencing, a flight to Mexico is not the only means for Defendants to obtain testimony from personnel at the subject location. "Audio and video conferencing services have made it easier to take depositions and access evidence remotely." Catherine Cervone, *Recalibrating The Forum Non Conveniens Analysis: The Effects Of Technology On Transporting Evidence*, 18 Northwest. Univ. Law Rev.. 91 (2020) (citing Martin Davies, *Bypassing The Hague Evidence Convention: Private International Law Implications of the Use of Video and Audio Conferencing Technology in Transnational Litigation*, 55 A.J. C. L. 205, 205 (2007)).

Order requiring Defendant Hyatt and Defendant Donovan to certify, through affidavit, which evidence is unobtainable and the necessity of such information.

This is the 7th day of March, 2025.

**FRONTLINE FIRM**
/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
sueann@frontlinefirm.com
*Pro hac vice forthcoming*


/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@frontlinefirm.com
*Pro hac vice forthcoming*

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**
/s/ Saleisha Nadia Averhart
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)
5500 McNeely Drive, Ste. 102
Raleigh, North Carolina 27612
T: 919-741-6798
saleisha@wbaalaw.com