IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SALLAMONDRA ROBINSON <br> INDIVIDUALLY AND AS <br> PERSONAL REPRESENTATIVE <br> OF THE ESTATE OF <br> SHANQUELLA ROBINSON, <br> DECEASED <br><br> Plaintiff, <br><br> v. <br><br> DAEJHANAE JACKSON, <br> ALYSSE HYATT, MALIK DYER <br> WENTER DONOVAN, <br> KHALIL COOKE, <br> NAZEER TYREE WIGGINS, <br> UNITED STATES DEPARTMENT OF STATE <br> AND THE BUREAU OF INVESTIGATION, <br><br> Defendants. | CA No.: 3:24-cv-01002 |

**DEFENDANTS ALYSSE HYATT AND WENTER DONOVANS' REPLY TO OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE**

NOW COME Defendants Alysse Hyatt and Wenter Donovan, through their Counsel, and pursuant to LCvR 7.1(e) file this Reply to the Opposition to the Motion to Dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue.

The Federal government's motion ought be resolved first. Once those Defendantss are dismissed, the remaining aspects of the case ought be dismissed based on *Forum Non Conveniens*. Mexico has a normal civil justice system and no Court has decided that it is not an adequate forum:

1

https://judiciariesworldwide.fjc.gov/country-profile/mexico

Further, the reason the Court in its wide discretion should decline to hear the case is not because of the Party witnesses. Of course, they are available for testimony. The real issue – and the centerpiece of the Claims and Defenses – are the first responders in Mexico. This includes the Coroner since there is an apparent disagreement in the pleadings about the cause of death. This would also include the hotel villa owner and the nurse. It also include the other hotel employess and responding officers. These are mentioned by Plaintiffs in the Complaint. As such, of course their actual sworn testimony is important and both sides ought be allowed to ask questions under oath rather than to have the jury presented unsworn hearsay.

Several of these witnesses will no doubt be witnesses that will not participate in a deposition voluntarily; particularly given all the wrongful allegations being made by the plaintiff that any and everyone even near the scene committed criminal conduct. The very law review article cited by the plaintiff discusses the immense difference between "Willing Witnesses" and "Unwilling Witnesses" in this exact *Forum Non Conveniens* context. Bypassing The Hague Convention Evidence Covention, 55 A.J.C.L. 205, p.12-13. See Exhibit 1 (US Courts not able to issue subpoenas for deposition testimony for "Unwilling Witnesses"); Also see *Alfadda v. Fenn*, 159 F.3d 41, 47 (2nd Cir. 1998).

There is significant disagreement amongst the parties about what occurred in Mexico. The third party witnesses are all in Mexico. Of course, navigating the law of Mexico seems a better proposition for a Court in Mexico. Further, the defendants are grossly prejudiced by having no ability to present the all of these "Unwilling Witnesses" testimony to a Western District jury.

This Court has the discretion to dismiss this matter and Plaintiffs can then file the action in

Mexico where the matter can be decided on the merits with a complete record.

This is the 11th day of March, 2025.

/s/ Andrew H. Brown
Andrew H. Brown
N.C. State Bar No. 28450
Attorney for Plaintiffs

**FOR THE FIRM:**

**BROWN, FAUCHER, PERALDO & BENSON, PLLC**.
822 North Elm Street, Suite 200
Greensboro, NC 27401
(336) 458-0058 (telephone)
(336) 273-5597 (facsimile)
drew@greensborolawcenter.com