IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-01002

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED,<br><br>                    **Plaintiff,**<br><br>v.<br><br>E'MANI GREEN, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, NAZEER TYREE WIGGINS, UNITED STATES DEPARTMENT OF STATE, AND THE FEDERAL BUREAU OF INVESTIGATION,<br><br>                    **Defendants.** | **KHALIL COOKE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS FOR IMPROPER VENUE** |

Defendant Khalil Cooke, by and through undersigned counsel and pursuant to LCvR 7.1(c), files this Memorandum in Support of his motion to the Court to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue.

**STATEMENT OF THE CASE**

Plaintiffs filed the North Carolina state court Complaint that initiated this civil action on October 28, 2024. (DE 6). Defendants Federal Bureau of Investigation and United States Department of State removed the action to this Court on November 14, 2024. Defendant Khalil

1

Cooke now moves to have the claims against him dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue under the doctrine of *forum non conveniens*.

## STATEMENT OF THE FACTS

Plaintiffs' Amended Complaint alleges various legal theories against bystander Khalil Cooke arising out of a fight between two of his travel companions on a trip to Cabo San Lucas, Mexico on or about October 29, 2022. (DE 4, Amended Compl., ¶ 26). Ms. Robinson died in the hours following the fight. There is no allegation that Defendant Cooke participated in the fight or touched anyone.

Numerous important witnesses reside in Mexico who possess relevant information regarding Plaintiffs' claims and Mr. Cooke's defenses to those claims. Those witnesses include medical personnel who treated Ms. Robinson and were in the hotel room prior to and shortly after her death. Hotel personnel may also have potentially relevant information. Moreover, critical witnesses include Mexican law enforcement who responded to the scene as well as the coroner's office who forensically examined Ms. Robinson's body and opined on her cause of death. All of these witnesses would likely be an essential part of any trial of this action.

Further, a substantial part of Plaintiffs' claims occurred in Mexico and would be governed by Mexico law. Mexico has a civil justice system where Plaintiffs' claims can be adjudicated.

## ISSUE PRESENTED

By his motion, Mr. Cooke presents the following issue to the Court: Whether the Court should dismiss the claims against Mr. Cooke for improper venue pursuant to the Doctrine of *forum non conveniens*.

## ARGUMENT

The United States Supreme Court recently clarified that a federal district court should dismiss claims in an action "on the grounds that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 422, 127 S. Ct. 1184, 1186, 167 L. Ed. 2d 15 (2007). In *Sinochem*, the cause of action by which the operative facts arose occurred in China. *Id.* The Court held that *forum non conveniens* is a non-meritorious ground for discretionary dismissal allowing a District Court to dismiss an action at the outset even before evaluating personal and subject matter jurisdiction if a court abroad is the more appropriate and convenient forum for adjudicating the controversy. *Id.* at 423, 127 S. Ct. 1184 at 1187.

In *Gulf Oil Corp.* v. *Gilbert*, Justice Jackson described some of the multifarious factors relevant to the *forum non conveniens* determination:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility *[sic]* of a judgment if one is obtained .... Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

3

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947). From this concept, the Supreme Court in *Sinochem* decided and held that "the gravamen of Malaysia International's complaint—misrepresentations to the Guangzhou Admiralty Court in the course of securing arrest of the vessel in China – is an issue best left for determination by the Chinese courts." *Sinochem*, 549 U.S. at 424, 127 S. Ct. at 1187. As such, the case was dismissed pursuant to Rule 12(b)(3) at the outset of the litigation.

Similarly, the "gravamen" of this Amended Complaint involves interactions with hotel workers and doctors who are all located in Mexico. Further, the parties were all in Mexico, and the applicable claims against Mr. Cooke directly involve Mexican tort law and theories of civil negligence, contributory or comparative negligence, bystander duties, and medical treatment, among others. All applicable claims should be determined by the laws of Mexico.

In the Western District of North Carolina, Mr. Cooke has no ability to compel the testimony of the applicable witnesses to present a fair defense for the Court and jury to determine the issues on the merits. Moreover, a Court in Mexico is in a significantly better position to evaluate and apply the laws of that jurisdiction to the alleged facts in this dispute as well as to compel the testimony of witnesses. By any measure, this case should be decided by a civil Court in Mexico.

## CONCLUSION

For the reasons stated herein, the undersigned respectfully moves the Court for an Order allowing jurisdictional discovery as outlined herein.

## CERTIFICATE OF COMPLIANCE WITH COURT ORDER AS TO USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing document complies with the Order issued by the Court on June 18, 2024 as to the use of artificial intelligence (AI) in briefs or memorandums as follows:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This is the 14th day of March, 2025.

                                              **HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

                                              By: */s/Brian M. Williams*
                                                     **BRIAN M. WILLIAMS**
                                                     N.C. State Bar No. 28869
                                                     4131 Parklake Ave., Suite 300
                                                     Raleigh, North Carolina 27612
                                                     Telephone: (919) 719-2827
                                                     Fax: (919) 832-9425
                                                     E-mail: bwilliams@hedrickgardner.com
                                                     *Attorney for Defendant Khalil Cooke*