**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:24-CV-01002**

SALLAMONDRA ROBINSON,                      )
INDIVIDUALLY AND AS                        )
PERSONAL REPRESENTATIVE OF                 )
THE ESTATE OF SHANQUELLA ROBINSON,  )
DECEASED.                                  )
                                           )
     *Plaintiff*,                  )
                                           )
v.                                         )
                                           )
 E'MANI GREEN,                            )
 ALYSSE HYATT,                            )
 MALIK DYER,                              )
 WENTER DONOVAN,                          )
 KHALIL COOKE,                            )
 NAZEER TYREE WIGGINS,                    )
 UNITED STATES DEPARTMENT OF              )
 STATE, AND THE                           )
 FEDERAL BUREAU OF INVESTIGATION,   )
                                           )
    *Defendants*.                 )

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER RESPONSE TO DEFENDANT KHALIL COOKE'S MOTION TO DISMISS FOR IMPROPER VENUE

**COMES NOW**, pursuant to LCvR 7.1(c), by and through undersigned counsel, Ms.

Sallamondra Robinson submits this memorandum in response to Defendants' Motion,

respectfully requests this Honorable Court to deny the Defendant's Motion to Dismiss for

Improper Venue, and in support thereof states as follows:

## STATEMENT OF FACTS

Shanquella Robinson was Khalil Cooke's friend and compatriot when she was killed in Cabo San Lucas, Mexico on October 29, 2022. (Compl. At 21-22, 61)  Khalil Cooke was the tie that bound Shanquella to the woman who would later take her life and the people who would watch without intervening. Khalil Cooke left Mexico abruptly with the codefendants to avoid participating in the investigation of his friend's death. (Compl. at 68-70) Khalil Cooke stood before Plaintiff, Shanquella's mother,  and lied about Shanquella's death and final moments. (Compl. At 71) Upon information and belief, Khalil Cooke has no professional or personal connections to Cabo San Lucas. Every party in this action is a United States citizen. Nonetheless, Khalil Cooke asks this Court to dismiss this lawsuit, arguing that Mexico is the more appropriate forum. (Def. Cooke Memo at 1-4)  Plaintiff respectfully disagrees.

 In the Amended Complaint, Plaintiff asserts four claims against Khalil Cooke as one of the Cabo Six Defendants: negligence, civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl. 105-141) As alleged in the Complaint, Plaintiff suffered  trauma, mental anguish, and severe emotional distress, in the United States. (Compl. (Compl. at 105, 111, 120, 130, 141) The Cabo Six Defendants' furthered their conspiracy, released the video footage of Defendant Green's fatal attack, and lied to Plaintiff, here. (Compl. at 105-141 ) It is curious that Defendant Cooke and his fellow co-conspirators argue that Mexico would be the better forum to defend these allegations, when they have made every effort to evade the Mexican authorities' investigation of the murder of Shanquella Robinson.

## ARGUMENT

Dismissal on the basis of *forum non conveniens* is improper. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Such dismissal is only appropriate if "the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). The court in Gulf Oil considered: "the (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and (3) the cost of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. at 508-509.

An evaluation of the public and private interests weigh heavily in favor of the Plaintiff, as discussed in the Plaintiff's Memorandum in Response to Defendants Donavan and Hyatt's Motion to Dismiss. (Dkt. 35) Litigating in Mexico is impractical for all of the parties. The financial impact of litigating this case in Mexico is the most obvious burden. The language barrier and unfamiliarity with the Mexican judicial system are also likely to create impediments for Defendant Cooke and every other party. Considering ease of access to sources of proof, it would be infinitely more difficult to access the critical phone and social media records if this suit was brought in Mexico, because the custodians of those records reside in the United States.

Defendant Cooke argues this forum has limited ability to compel witnesses from Mexico. (Def. Cooke Memo at 4) Defendant Cooke does not, however, assert any failed or impeded attempt to obtain witness testimony from anyone residing in Mexico. Other than the conclusory statements in his memorandum, Defendant Cooke has not asserted that any of the unnamed

witnesses from Mexico, "medical personnel who treated Ms. Robinson and were in the hotel room prior to and shortly after her death", "hotel personnel", and "Mexican law enforcement" would be unwilling to fully participate in any stage of this litigation. (Def. Cooke Memo at 2) Furthermore, Defendant Cooke fails to explain how any of these complications would be resolved by bringing suit in Mexico. The only prospective witnesses that have exhibited the lack of transparency and unwillingness to cooperate that raises concern have been the Cabo Six Defendants.

The Defendant asserts the "interactions with hotel workers and doctors who are all located in Mexico" are the "gravamen" of the Complaint. (Def. Cooke Memo at 4) However, the communications between the Cabo Six Defendants and their conduct in furtherance of the conspiracy in the United States are at the heart of the Complaint. (Compl. at 70-77) The causes of action in the Complaint arise out of American laws and statutes. Most importantly, the American public has a vested interest in the outcome of this litigation. Because the obstacles to justice in Mexico outnumber any obstacles to convenience in the United States, the Defendant's Motion to Dismiss on *forum non conveniens* grounds should be denied.

<u>**CONCLUSION**</u>

The claims asserted against Defendant Khalil Cooke are best litigated in front of this Court. Plaintiff, by and through undersigned counsel, requests this Honorable Court to dismiss the Defendants' Motion.

This is the 28th day of March, 2025.

**FRONTLINE FIRM**
<u>/s/ Sue-Ann Robinson</u>
Sue-Ann Robinson, Esq.
FBN: 29463
614 S. Federal Highway

Fort Lauderdale, FL 33301
T: 754-801-0897
sueann@frontlinefirm.com
*Pro hac Vice*


/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@frontlinefirm.com
*Pro Hac Vice*

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**
/s/ Saleisha Nadia Averhart
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)
5500 McNeely Drive, Ste. 102
Raleigh, North  Carolina 27612
T: 919-741-6798
saleisha@wbaalaw.com