IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:24-CV-01002-MOC-SCR

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED, | ) ) ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| DAEJHANAE JACKSON, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, NAZEER TYREE WIGGINS, UNITED STATES DEPARTMENT OF STATE, AND THE FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**FEDERAL DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN
RESPONSE TO FEDERAL DEFENDANTS' MOTION TO DISMISS**

COMES NOW the United States of America, on behalf of the Federal Bureau of

Investigation ("FBI") and United States Department of State ("State Department"), hereinafter

"Federal Defendants," by and through Russ Ferguson, United States Attorney for the Western

District of North Carolina, and replies to Plaintiff's Memorandum in Response to Federal

Defendants' Motion to Dismiss ("Plaintiff's Memorandum") (Doc. 38).

Plaintiff has failed to meet her burden to establish this Court's authority to exercise subject

matter jurisdiction over any of her putative claims against Federal Defendants. Consequently,

based upon the arguments set forth in Federal Defendants' Motion to Dismiss (Docs. 26, 27), the additional arguments herein, below, and the record in this case, the Court should dismiss Plaintiff's claims against Federal Defendants in their entirety for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12 (b) (1).

A.    **Plaintiff Fails to Meet Her Burden to Establish Subject Matter Jurisdiction**

As demonstrated by the authorities cited in Federal Defendants' motion, it is well-established that a plaintiff bears the burden of proving subject matter jurisdiction. Doc. 27 at 6, 8. Here, Plaintiff failed to meet this burden with respect to any of her putative claims against Federal Defendants, who submitted to the Court multiple grounds warranting dismissal: (1) the Court lacks jurisdiction over Plaintiff's asserted tort claim against the FBI due to the discretionary function exception of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680; (2) the Court lacks jurisdiction over Plaintiff's asserted tort claims against Federal Defendants because there exists no private party analogue; (3) the Court lacks jurisdiction over Plaintiff's asserted tort claim against the FBI, because it is in part barred by the foreign country exception to the FTCA; (4) the Court lacks jurisdiction over Plaintiff's asserted tort claims against Federal Defendants, because Plaintiff did not exhaust administrative remedies under the FTCA; and (5) the Court lacks derivative jurisdiction over Plaintiff's asserted claim against Federal Defendants under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Three of Federal Defendants' five arguments – that there is no private party analogue for Plaintiff's alleged tort claims, that Plaintiff failed to exhaust administrative remedies under the FTCA, and that the Court lacks derivative jurisdiction over Plaintiff's FOIA claims – each independently require dismissal of Plaintiff's Amended Complaint against Federal Defendants in its entirety. Yet Plaintiff does not respond to the derivative jurisdiction argument, admits she did

not exhaust FTCA administrative remedies, and only makes conclusory reference to the private party analogue argument. Rather, Plaintiff's Memorandum focuses on Federal Defendants' assertion of the discretionary function and foreign country exceptions to the FTCA. Doc. 38 at 5 – 9. Thus, and based on the authorities relied upon in Federal Defendants' motion, the Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, based on the lack of private party analogue for the tort claims Plaintiff seeks to assert against the United States, based on Plaintiff's failure to exhaust administrative remedies, and based on its lack of derivative jurisdiction over Plaintiff's FOIA claims.[1] Nevertheless, Federal Defendants respond below to the arguments in Plaintiff's Memorandum.

**B.**      **Plaintiff's Negligence Claim Against the FBI is barred by the Discretionary Function Exception to the FTCA's Limited Waiver of Sovereign Immunity**.

Plaintiff's discussion of Federal Defendants' assertion of the discretionary function exception to the FTCA is entirely misplaced: Federal Defendants' asserted the exception with respect to Plaintiff's putative tort claim against the *FBI*; in opposition, Plaintiff's argument concerns the "official authorit(ies)" of the *State Department*. Plaintiff's Memorandum (Doc.38) at 6. With respect to the FBI, Plaintiff's response fails to overcome Federal Defendants' assertion of the exception and only reiterates in a conclusory manner, without any supporting legal authority, the allegations of the Verified Complaint. *Id*. at 8, 9 ("As alleged in the Complaint, the 'FBI has the authority and the nondiscretionary duty to investigate murders of American citizens that occur overseas.'") (internal citation omitted).

---

[1] To the extent Plaintiff fails to address the derivative jurisdictional basis for dismissal raised in the Government's Motion to Dismiss, the Court should treat those arguments as conceded *See, e.g., Georgion v. Bank of America Corp*., 2023 WL 6053070, at *4 (W.D.N.C. 2023) (when plaintiffs failed to address argument raised in motion to dismiss that they had named the wrong defendant, court assumed that plaintiffs conceded the merits of defendant's position), *adopted by Georgion v. Bank of America Corp*., 2023 WL 6051460 (W.D.N.C. 2023); *Radchyshyn v. Allstate Indem. Co*., 2014 WL 4406994, at *4 (W.D.N.C. Sept. 8, 2014) ("Plaintiff seemingly concedes the merits of Defendant's motion by failing to respond to the Motion to Dismiss.").

In evaluating Federal Defendants' facial challenge to jurisdiction, the district court accepts as true all *factual allegations* of the complaint and determines whether those allegations are sufficient to invoke jurisdiction. It is well-settled that this tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's threadbare allegation that the FBI has a nondiscretionary duty does not make it so. Furthermore, it is undisputed that the FBI *did* conduct an investigation. Amended Complaint at ¶¶ 79, 80 (FBI informed Plaintiff in November 2022 that it had opened investigation into death and in April 2023 that "no enforcement proceedings would commence."). As such, the FBI's discretionary decision-making in conducting that investigation is not subject to the FTCA's limited waiver of sovereign immunity, because it is clearly excluded by the discretionary function exception.

As the Fourth Circuit stated:

> "No one can doubt that the investigation of (potential) crimes is a discretion-laden subject." Indeed, discretion infuses the process at every step—"whether to investigate a possible violation of ... law, how to conduct that investigation, and then whether to bring an enforcement action after drawing factual and legal conclusions." *Id.* at 216.

*Blankenship v. United States*, No. 20-1642, 2022 WL 1768858, at *3 (4th Cir. June 1, 2022) (quoting *Blanco Ayala v. United States*, 982 F.3d 209, 215 (4th Cir. 2020)). So, too, is the case here. Accepting as true Plaintiff's allegations that the FBI conducted an investigation and concluded that no enforcement action would proceed, that alleged conduct lies squarely within the purview of the discretionary function exception.

Because the Court lacks jurisdiction over Plaintiff's asserted negligence claim arising from the FBI investigation by virtue of the discretionary function exception to the FTCA, Federal Defendants need not address their alternative argument that that claim is also barred in part by the foreign country exception to the FTCA.

**C.**     **Plaintiff's Asserted Negligence Claims Against Federal Defendants Lack a Requisite Private Party Analogue to Establish Jurisdiction Under the FTCA.**

Plaintiff's Memorandum does not identify a private party analogue to sustain Plaintiff's putative negligence claims against the Federal Defendants. To the contrary, in its reiteration of Plaintiff's "Factual Allegations," Plaintiff alleges, without any legal support:

> [i]f [the] FBI was a private person, it would be liable to Plaintiff in accordance with the laws of the state of North Carolina, the place where the actions or omissions at issue herein occurred; . . . [i]f the Department of State was a private person, it would be liable to Plaintiff in accordance with the laws of the state of North Carolina, the place where the omission at issue occurred.

Doc. 38 at 4. This reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," cannot cure the jurisdictional defects of Plaintiff's case. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As the Fourth Circuit recently observed:

> "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." Put differently, "a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." This, in turn, "means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable ...' under state law." [Where plaintiff] does not. . . . plausibly allege that anyone committed any state torts [, h]e thus "fails to plausibly allege an element that is both a merit element of [his] claim and a jurisdictional element." So the district court could "dismiss the claim under Rule 12(b)(1) or Rule 12(b)(6). Or both."

*Wells v. Fuentes*, 126 F.4th 882, 898 n. 20 (4th Cir. 2025) (quoting *Brownback v. King*, 592 U.S. 209, 217 (2021) (internal citations omitted). To the extent Plaintiff can be understood to refer to federal statutes or treaties as the source of a duty (*see, e.g.,* Doc. 38, p.9: "The Treaty between Mexico and the United States imposes a duty upon the Department of State to act in furtherance of providing mutual legal assistance."), this fails to meet Plaintiff's burden to show a private analog for her claims. As set forth in the Motion to Dismiss, state law is the source of substantive liability

5

under the FTCA. (Doc. 27, pp. 12-14). Here, as in *Wells*, Plaintiff has failed to plausibly allege a cause of action under North Carolina law that would impose liability on a private party based on the alleged conduct of Federal Defendants in circumstances analogous to those at issue in this case. Thus, for this reason, too, the Court lacks jurisdiction over Plaintiff's putative tort claims against Federal Defendants.

**D.** **Plaintiff Failed to Exhaust Administrative Remedies and the Court Lacks Jurisdiction**

Plaintiff concedes she failed to exhaust administrative remedies prior to filing this suit. Doc. 38, pp. 9-10. To the extent that Plaintiff argues that she should be excused from the exhaustion requirement because the administrative process would have been futile, or alternatively that she ran out of time to exhaust (*Id.*), Plaintiff cites no support. Rather, it is clear that Plaintiff may not bring an FTCA suit prior to such time as she has exhausted administrative remedies, and that failure to exhaust cannot be cured. Doc. 27, pp. 15-17; *see Plyler v. United States*, 900 F. 2d 41, 42 (4th Cir. 1990) ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired."); *Hubbard v. Wallenstein*, No. 3:23-CV-00202-RJC-SCR, 2024 WL 4472184, at *4 (W.D.N.C. Aug. 16, 2024) ("subject matter jurisdictional requirement": "the plaintiff must wait either for the claim to be finally denied by the agency or for the agency to fail to make final disposition of the claim within six months after it is filed." ), *report and recommendation adopted*, No. 3:23-CV-00202-RJC-SCR, 2024 WL 4274880 (W.D.N.C. Sept. 24, 2024).

**E.** **Jurisdictional Discovery is Unwarranted, and Amendment Would be Futile**

Plaintiff asks for jurisdictional discovery, or alternatively for leave to amend. Doc. 38, p. 10. Jurisdictional discovery is unwarranted because the Government's Motion to Dismiss is a

facial challenge arguing that the allegations in the Complaint are insufficient to confer subject matter jurisdiction. Doc. 27, pp. 5-6. As discussed above, Plaintiff concedes she did not exhaust administrative remedies; Plaintiff's negligence claims lack a private party analog; and as to the discretionary function exception, Plaintiff admits that there was an FBI investigation, and the law is clear that criminal investigations are filled with discretionary choices. No factual development is required or appropriate.

Plaintiff should not be alternatively granted leave to amend her Complaint because amendment would be futile, at the least because Plaintiff's failure to exhaust administrative remedies prior to bringing the suit cannot be cured by bringing an amended complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (leave to amend should be denied only when the amendment would be prejudicial, there has been fad faith by the moving party, *or the amendment would be futile*) (emphasis added); *Trueman v. United States*, 2014 WL 1057267, *10-11 (E.D.N.C. 2014) (Plaintiff's failure to exhaust prior to bringing suit could not be cured by filing amended complaint after agency issued notice of final decision).

## CONCLUSION

WHEREFORE, based upon the forgoing argument and the entire record herein, the Federal Defendants respectfully request dismissal of the Complaint pursuant to Fed.R.Civ.P. 12 (b) (1).

Respectfully submitted, this the 31st day of March, 2025.

RUSS FERGUSON
UNITED STATES ATTORNEY

**s/GILL P. BECK**
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION
N.C. Bar No. 13175
Room 233, U. S. Courthouse
100 Otis Street
Asheville, North Carolina 28801-2611

7

Phone:  828-259-0645
Fax:  828-271-4327
Email:  gill.beck@usdoj.gov

## <u>CERTIFICATION</u>

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 31st day of March, 2025.

**s/GILL P. BECK**
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION