IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-01002

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>E'MANI GREEN, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, NAZEER TYREE WIGGINS, UNITED STATES DEPARTMENT OF STATE, AND THE FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants. | **KHALIL COOKE'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR IMPROPER VENUE** |

Defendant Khalil Cooke, by and through undersigned counsel and pursuant to LCvR 7.1(c), serves this Reply in support of his motion to dismiss this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue (DE 42).

**ARGUMENT**

Defendant Cooke agrees with the reasons outlined in Defendants Alysse Hyatt and Wenter Donovan's similar motion to dismiss and reply brief (DE's 33 and 40). In particular, Defendant Cooke agrees that the federal defendants' motion to dismiss (DE 26) should be resolved before

1

ruling on the individual defendants' motions to dismiss for improper venue based on *forum non conveniens*.

Further, as explained by case law and the law review article cited by all of the parties[1], a critical consideration with a motion to dismiss for *forum non conveniens* is the ability to compel the testimony of unwilling witnesses. This factor is especially important in this case because of the quality and quantity of witnesses in Mexico. The root of Plaintiffs' Complaint is based on events that occurred in Mexico. There is significant disagreement about whether Ms. Robinson was murdered, who was involved, whether the Defendants tried to evade capture, and whether there was a conspiracy.

For example, in Plaintiffs' response brief, Plaintiffs allege that Defendants "made every effort to evade the Mexican authorities' investigation of the murder of Shanquella Robinson." (DE 45, p.2). Consequently, any alleged murder of Shanquella Robinson and any alleged conspiracy involving Shanquella Robinson's murder (*both of which are heavily disputed*) necessarily involves understanding what the critical facts are involving the events leading up to and shortly after Shanquella Robinson's death, including her cause of death, all of which occurred in Mexico.

The material witnesses necessary to develop these facts are based in Mexico and, upon information and belief, include the following:

1. Karolina Beatriz Ornelas Gutierrez, who is alleged to be the healthcare provider who provided medical treatment to Shanquella Robinson, as per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.19);

---

[1] Bypassing The Hague Convention Evidence Convention, 55 A.J.C.L. 205, p.12-13. See Exhibit 1 (US Courts not able to issue subpoenas for deposition testimony for "Unwilling Witnesses"); Also see *Alfadda v. Fenn*, 159 F.3d 41, 47 (2nd Cir. 1998).

2. Suni Jehseel Popoca Millan, who is alleged to be the police investigator who interviewed Karolina Beatriz Ornelas Gutierrez as per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.20) and who also authored the Mexican police investigative report as per Exhibit C of Plaintiff's Amended Complaint (DE 4, p.32);

3. Dr. Alvaro Atilano, who is alleged to have been consulted during life-saving measures that were administered to Shanquella Robinson as per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.24);

4. Emergency medical staff with the Red Cross ambulance (*common sense indicates at least two witnesses*) who were consulted during life-saving measures that were administered to Shanquella Robinson as per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.27)("…*until the Red Cross ambulance arrived*…");

5. Emergency medical staff from **three ambulances** (*common sense indicates at least two witnesses per ambulance for a total of at least six witnesses*) who were consulted during life-saving measures that were administered to Shanquella Robinson as per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.27)("…*the same thing that the other three ambulances that came to the scene told me.*");

6. The municipal police officers (*at least two and likely more*) who allegedly conducted the investigation into Shanquella Robinson's death as per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.28)("…*the municipal police officers had already arrived at the scene … they asked me about the patient's condition…. I waited for them to finish interviewing one of the Red Cross paramedics….One of the officers took my statement…*");

3

7. "Giovanni the administrator" as alleged per Exhibit B of Plaintiffs' Amended Complaint (DE 4, p.28)("...*Giovanni the administrator arrived and the officers told me that I could not leave yet.*");

8. Moreover, Exhibit B to Plaintiffs' Amended Complaint begins with page 34 in the top right corner. Thus, there are thirty-three pages of the Mexican police department's report that are unaccounted for, and common sense indicates that additional witnesses are identified in those thirty-three missing pages.

9. Dr. Rene Adalberto Galvan Oseguera, who is alleged to be the forensic examiner who performed the autopsy on Shanquella Robinson, as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.36);

10. Christian Armendariz, who is alleged to be the general manager of the Hotel Aeropuerto Los Cabos, which is where the individual defendants were staying and where Shanquella Robinson passed away as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.31);

11. Police Chief Juan Pablo Sepulveda, who is alleged to be one of the lead police officers who was in charge of the Mexican police department's investigation into Shanquella Robinson's death as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.31);

12. Lieutenant Commander Aaron Bautista Alvarez, who is alleged to be one of the lead police officers who was in charge of the Mexican police department's investigation into Shanquella Robinson's death as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.31);

13. General Director of the Control Center, Communication and Computation Command of the Baja California Sur State Bruno Khmer Cantarell Maytorena, who is alleged to

have been involved in the investigation into Shanquella Robinson's death as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.31);

14. Rodolfo Palomera Jimenez, who is alleged to be a witness and was interviewed as part of the Mexican police department's investigation into Shanquella Robinson's death as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.31);

15. Eduardo Trinidad Juarez, who is alleged to be the "Criminal Expert" who assisted in the investigation into Shanquella Robinson's death, as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.38);

16. Karen Andrea Castro, who is alleged to be the "Evidence Room Assistant" who assisted in the investigation into Shanquella Robinson's death, as per Exhibit C of Plaintiffs' Amended Complaint (DE 4, p.38);

17. Moreover, Exhibit C to Plaintiffs' Amended Complaint, which allegedly contains a portion of the Mexican government's official report of its investigation into Shanquella Robinson's death, begins with unnumbered pages but then lists page 88 in the top right corner (DE 4, p.37). Thus, there are dozens of pages of the Mexican police department's report that are unaccounted for, and common sense indicates that additional witnesses are identified in those missing pages.

Consequently, based on this tally of witnesses who are identified in Plaintiffs' Amended Complaint, *there are at least two dozen witnesses who reside in Mexico*. These witnesses have important information regarding Shanquella Robinson's death as well as the Defendants' actions prior to and after Ms. Robinson's death. It is self-evident that a federal court in the western district of North Carolina will have little-to-no success in compelling the testimony of these witnesses, of which there are many and which comprise the overwhelming majority of known witnesses.

As for witnesses who do not reside in Mexico, the material witnesses are the parties themselves. The parties are available for questioning regardless of where the lawsuit is pending, but the same is not true for the Mexico-based witnesses.

## **CONCLUSION**

For the reasons stated herein, the undersigned respectfully requests the Court reserve ruling on Defendant's motion until after ruling on the federal defendants' motion to dismiss. Once that issue is resolved, then Defendant requests that the Court grant his motion and enter an an order dismissing Plaintiffs' complaint so that this matter may be decided by the Mexican court system.

This is the 4th day of April, 2025.

                                            **HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

By:    */s/Brian M. Williams*
         BRIAN M. WILLIAMS
         N.C. State Bar No. 28869
         4131 Parklake Ave., Suite 300
         Raleigh, North Carolina 27612
         Telephone: (919) 719-2827
         Fax: (919) 832-9425
         E-mail: bwilliams@hedrickgardner.com
         ***Attorney for Defendant Khalil Cooke***

## CERTIFICATE OF COMPLIANCE WITH COURT ORDER AS TO USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing document complies with the Order issued by the Court on June 18, 2024 as to the use of artificial intelligence (AI) in briefs or memorandums as follows:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This is the 4th day of April, 2025.

                                                                **HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

By:    */s/Brian M. Williams*
         **BRIAN M. WILLIAMS**
         N.C. State Bar No. 28869
         4131 Parklake Ave., Suite 300
         Raleigh, North Carolina 27612
         Telephone: (919) 719-2827
         Fax: (919) 832-9425
         E-mail: bwilliams@hedrickgardner.com
         ***Attorney for Defendant Khalil Cooke***