IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:24-CV-01002

SALLAMONDRA ROBINSON,  )
INDIVIDUALLY AND AS  )
PERSONAL REPRESENTATIVE  )
OF THE ESTATE OF  )
SHANQUELLA ROBINSON,  )
DECEASED,  )
                                )
    Plaintiff,                )
                                )
v.  )
                                )
DAEJHANAE JACKSON,  )
ALYSSE HYATT, MALIK DYER,  )
WENTER DONOVAN,  )
KHALIL COOKE,  )
NAZEER TYREE WIGGINS,  )
UNITED STATES DEPARTMENT )
OF STATE, AND THE  )
FEDERAL BUREAU OF  )
INVESTIGATION,  )
                                )
    Defendants.          )

## SECOND DECLARATION OF KRISTINA BEARD

I, Kristina Beard, make the following second declaration in lieu of an affidavit in accordance with 28 U.S.C. § 1746. I understand that this declaration will be filed in the above-referenced case, and that this is the legal equivalent of a statement under oath.

    1.    I previously submitted a declaration in this case, which was attached as Exhibit B to the federal defendants' Motion to Dismiss, filed January 21, 2025 (Document 27-2).

2.       As stated in that declaration, all administrative tort claims under the Federal Tort Claims Act pertaining to the Department of State's activities are handled by the Office of the Legal Adviser, in the Office of International Claims and Investment Disputes (L/CID). At the time of filing that declaration L/CID had found no evidence that Plaintiff had filed an administrative tort claim with our office under the Federal Tort Claims Act. Information on how to submit a tort claim to the Department of State, including the mailing address for tort claims, is available here: https://www.state.gov/tort-claims-against-the-u-s-department-of-state.

3.       On April 9, 2025, L/CID received a "Notice of Intent to Sue" dated October 25, 2024, from Plaintiff's counsel. That Notice of Intent to Sue, along with the envelope in which it was received, is attached hereto as Exhibit A. That Notice of Intent to Sue was addressed to the Department of State's main address of 2201 C Street N.W., Washington, D.C. 20520, and was emailed to me by support staff in the Office of the Legal Adviser.

5.       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of May, 2025.

*Kristina Beard*

Kristina Beard
Attorney-Adviser
U.S. Department of State
Office of the Legal Adviser
Office of International Claims
and Investment Disputes

**EXHIBIT A**



October 25, 2024
Notice of Intent to Sue
United States Department of State

**\*\*THIS CORRESPONDENCE IS SENT PURSUANT TO 28 U.S.C. §§ 2671 et. seq., 2401, 2675(a)**

*Via Certified Mail Return Receipt:* 9589 0710 5270 1567 6241 32

United States Department of State
2201 C. Street NW
Washington, D.C. 20520

RE: Negligence Claim on Behalf of Sallamondra Robinson
Date of Loss: on or around April 2023

To Whom It May Concern,

COMES NOW, the Claimant, Sallamondra Robinson, by and through her undersigned counsel and pursuant to the FTCA, 28 U.S.C. §§ 2671 et. seq., 2401, 2675(a), provides written notice that Sallamondra Robinson seeks to file a tort claims lawsuit for money damages against the United States Department of State and its agents for their breach of duty.

Claimant provides the following information:
**Claimant/Our Client:** Sallamondra Robinson, personally, and as the personal representative of the Estate of Shanquella Robinson.
**Claimant's Date of Birth:** October 21, 1961

As a result of the United States Department of State's breach of duty, Sallomandra Robinson suffered economic and emotional injuries. In light of the severe injuries suffered, Sallamondra Robinson will seek economic damages including but not limited to compensatory and consequential damages in excess of $25,000.00.

On March 13, 2023, a letter was sent to the United States Department of State, addressed to the Honorable Antony J. Blinken. (See Attached) This letter implored the Department of State to

follow the existing extradition protocol by responding to the extradition request of Dacjhanae Jackson and the other wanted suspects. In the alternative, Sallamondra Robinson, through counsel, requested the United States seek concurrent jurisdiction with Mexico, as permitted under federal law, to prosecute the United States citizens who committed the crime of killing Shanquella Robinson and concealing/destroying evidence.

The United States Department of State has breached their duty, by failing to respond to the pending extradition request.

Respectfully,
Sue-Ann Robinson
Sue-Ann Robinson, Esq.
614 S. Federal Highway
Fort Lauderdale, FL 33301

Benjamin L. Crump Esq.
Sue-Ann Robinson Esq.
633 Pennsylvania Avenue NW,
Washington, DC 20004

March 13th, 2023

The Honorable Joseph R. Biden
President of the United States
The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

The Honorable Antony J. Blinken
Secretary of State
U.S. Department of State
2201 C Street NW
Washington, DC 20520

**RE: The Death of American Citizen Shanquella Robinson in Mexico**

Dear President Biden and Secretary Blinken,

On behalf of the family of Shanquella Robinson, we write to request immediate diplomatic intervention from the United States Government in this transnational criminal case. The case involves the death of Shanquella Robinson, a 25-year-old ambitious, bright, entrepreneur and American Citizen. Shanquella traveled to Cabo San Lucas, Mexico on October 28th, 2022 and was reported dead in a luxury Villa in Cabo on October 29th, 2022. Her six travel mates[1] returned to the United States the next day. Three of the six travel mates Wenter Donovan, Khalil Cooke, and Dacjahnae Jackson would transport Shanquella's luggage from Mexico to her mother's home in Charlotte, North Carolina. They would give their condolences and inform Mrs. Robinson that Shanquella passed away from alcohol poisoning.

On November 16th, 2022 one of the travel mates shared video from a cell phone camera around the campus of Winston Salem University, the college that Shanquella Robinson attended. The video shows Shanquella being beaten in the villa while naked by one of the six travel mates who was identified by a witness as Dejahanae Jackson[2]. An autopsy report prepared on October 30th, 2022 in Mexico by Medical Examiner Dr. Rene Adalberto Galvaan Osegura noted that Shanquella's body had a head injury [3] and concluded that Shanquella's cause of death was a broken neck.

After the video of the beating of Shanquella Robinson surfaced online, The Attorney General's Office in Baja California Sur initiated a criminal investigation. As a result of the investigation a

---

1 See Villa Guest Registry dated October 30th, 2022 Listing the travel mates names.
2 See certified translated witness statement page 52 dated November 19th, 2022
3 See certified translated page 4 of 4 necropsy report from Director of forensic Services Department of Legal Forensic Medicine

warrant was issued for Daejahnea Jackson by Mexican Law Enforcement, one of the six travel mates who fled[4] to the United States after Shanquella was pronounced dead. Ms. Jackson was identified as the perpetrator of femicide against Shanquella Robinson, a homicide based on gender.

If a United States citizen commits homicide in Mexico and returns back to the United States, as you are aware they can face criminal charges in the United States under federal law or state law, depending on the circumstances of the crime. Federal charges are brought in cases where the crime involves interstate commerce or federal law enforcement agencies. We know in a transnational case where evidence was possibly transported and persons of interest communicated with each other via cellphone federal charges could be brought against those responsible for Shanquella's death.

Under federal law, the most likely charge that could be brought against someone primarily responsible would be a violation of 18 U.S.C. § 1112, which covers manslaughter and involuntary manslaughter. If the individual's actions meet the requirements of murder under federal law, they could also be charged with a violation of 18 U.S.C. § 1111. Federal charges that could be brought against co-conspirators to a homicide include conspiracy to commit murder, aiding and abetting, accessory after the fact and obstruction of justice.

As you are also of course aware, transnational criminal cases can be complex and challenging to resolve, especially when they involve individuals and entities in different countries. We understand each country has sovereignty over its own citizens and that each country has its own legal systems which can create issues. We also understand there is a protocol for the resolution of transnational crimes. Despite reaching out to Consular authorities who are tasked with being the family's guide and liaison in cases such as this we have encountered numerous obstacles in our efforts to receive information for the family on whether those responsible would ever be brought to justice. While on a fact finding mission on behalf of the family, Attorney Sue-Ann Robinson was advised by a member of the United States Consular corps in Mexico that if the family was seeking information about the case perhaps the family should reach out to the at-large travel mates. Certainly this is an unacceptable response to share with an American family in regards to their daughter's murder.

Given the nature and scope of this case, we believe that diplomatic intervention from the U.S. Government could help facilitate the necessary cooperation and coordination between the involved parties to ensure that justice is served timely, that the accused are tried under the appropriate legal system, that extradition is possible, and that international cooperation is fostered.

The United States can follow the extradition protocol and turn over the individual or individuals responsible for Shanquella's death to Mexican Authorities. Alternatively, U.S. federal law enforcement agencies can request concurrent jurisdiction with Mexican law enforcement agencies which would permit U.S. prosecutors to bring the case in the United States as the involved parties are U.S. Citizens. We have just witnessed what a swift concurrent response from Mexican and U.S. law enforcement agencies looks like in the kidnapping case of a group of U.S. Citizens at Matamoros, Tamaulipas Mexico. Both scenarios we are requesting on behalf of Shanquella Robinson's family require a high level of

---

[4] See page 50 certified translated witness statement indicating that Miss Jackson manipulated a staff member to leave the country.

swift diplomatic intervention.

My clients recognize that the U.S. Government has many priorities and responsibilities, but believe that intervening in this case would not only serve the interests of justice but also send a clear message that transnational criminal activities will not be tolerated.

Thank you for your attention to this matter, and we look forward to hearing from you soon.

Sincerely,

Benjamin L. Crump Esq.

_____

Attorney for Shanquella Robinson Family

Sue-Ann Robinson Esq.

_____

Attorney for Shanquella Robinson Family

*Enclosures*

