UNITED STATES DISTRICT COURT
for the Western District of North Carolina
Charlotte Division

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>E'MANI GREEN, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, NAZEER TYREE WIGGINS, UNITED STATES DEPARTMENT OF STATE, AND THE FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendants. | Case No.: 3:24-cv-01002-MOC-SCR |

## E'MANI GREEN'S AMENDED ANSWER TO VERIFIED AMENDED COMPLAINT

Defendant E'mani Green ("Green"), through counsel and pursuant to Rule 15(a)(1)(A) of the Rules of Civil Procedure, responds as follows to Plaintiff's Verified Amended Complaint.

## MOTION TO DISMISS – INSUFFICIENT SERVICE OF PROCESS

As raised in Green's Answer to the Complaint filed on June 18, 2025, the Amended Complaint should be dismissed as against Green pursuant to Rule 12(b)(5) of the Rules of Civil Procedure for insufficient service of process. In accordance with LCvR 7.1(c)(1), Green will file a separate motion and supporting brief on this issue.

## ANSWER

1-3. The allegations in Paragraphs 1 through 3 are denied.

4-12. The allegations in Paragraph 5 are expressly denied. Green lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 4 through 12.

13-72. The allegations in Paragraphs 13 through 72 are denied.

73-78. The allegations in Paragraph 74 are expressly denied. Green lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 73 through 78.

79-94. Green lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 79 through 94.

95. Green incorporates her responses above.

96-99. The allegations in Paragraphs 96 through 99 are denied.

100. Green incorporates her responses above.

101-104. The allegations in Paragraphs 101 through 104 are denied.

105. Green incorporates her responses above.

106-111. The allegations in Paragraphs 106 through 111 are denied.

112. Green incorporates her responses above.

113-120. The allegations in Paragraphs 113 through 120 are denied.

121. Green incorporates her responses above.

122-130. The allegations in Paragraphs 122 through 130 are denied.

131. Green incorporates her responses above.

132-141. The allegations in Paragraphs 132 through 141 are denied.

149-167. Green lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 149 through 167.

AND AS A FURTHER DEFENSE, Green asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred by laches because Plaintiff's unreasonable delay in asserting her claims has prejudiced Green by, among other things, impeding her ability to obtain evidence relating to an incident that occurred years ago in a foreign country.

### THIRD AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff's claims are barred by assumption of the risk based on, among other things, the decedent's belligerent behavior and provocation of an altercation.

### FOURTH AFFIRMATIVE DEFENSE
### (Contributory and/or Comparative Negligence)

Plaintiff's claims are barred by the decedent's contributory and/or comparative negligence including but not limited to: the decedent's belligerent behavior and provocation of an altercation; the decedent's failure to accept assistance or alert others of any serious medical condition; and the decedent's decisions to engage in excessive drinking.

### FIFTH AFFIRMATIVE DEFENSE
### (Self-Defense)

Plaintiff's claims are barred on the grounds that, to the extent Green was involved in any altercation, she was acting in self-defense.

WHEREFORE, Plaintiff prays the Court:

1. To dismiss Plaintiff's Amended Complaint; and

2. For such other and further relief that is just and proper.

This the 9th day of July, 2025.

                                                          s/ Elliot A. Fus
                                                          Elliot A. Fus
                                                          N.C. State Bar No. 24240
                                                          eaf@blancolaw.com
                                                          *Attorney for Defendant E'mani Green*

**OF COUNSEL:**
BLANCO, TACKABERY
& MATAMOROS, P.A.
P.O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone (336) 293-9000
Facsimile (336) 293-9030
eaf@blancolaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all CM/ECF participants. I further certify that a copy was mailed or delivered to the following individuals at the addresses listed below:

| | |
|---|---|
| Malik Dyer<br>81 Burlington Street<br>Hartford, CT 06112<br>*Defendant* | Nazeer Tyree Wiggins<br>5221 Londonderry Road<br>Charlotte, NC 28210<br>*Pro Se* |

This the 9th day of July, 2025.

                                                              s/ Elliot A. Fus
                                                              Elliot A. Fus
                                                              N.C. State Bar No. 24240
                                                              eaf@blancolaw.com
                                                              *Attorney for Defendant E'mani Green*

**OF COUNSEL:**
BLANCO, TACKABERY
& MATAMOROS, P.A.
P.O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone (336) 293-9000
Facsimile (336) 293-9030
eaf@blancolaw.com