| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | Case No.: 3:24-cv-01002 |

SALLAMONDRA ROBINSON, )
INDIVIDUALLY AND AS )
PERSONAL REPRESENTATIVE OF )
THE ESTATE OF SHANQUELLA )
ROBINSON, DECEASED. )
)
*Plaintiff*,
v. )
)
E'MANI GREEN, )
ALYSSE HYATT, )
MALIK DYER, )
WENTER DONOVAN, )
KHALIL COOKE, )
NAZEER TYREE WIGGINS, )
UNITED STATES DEPARTMENT OF )
STATE, AND THE )
FEDERAL BUREAU OF INVESTIGATION, )
)
    *Defendants*.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT EMANI GREEN'S MOTION TO DISMISS

**COMES NOW,** Plaintiff, by and through undersigned counsel, serves this Opposition to Defendant E'Mani Green's Motion to Dismiss. As support for the Plaintiff's Opposition, the Plaintiff states the following:

In Defendant's Amended Answer, dated July 9, 2025, the defense of improper service is mentioned in a subsection titled "Motion to Dismiss". Def. Amended Answer at 1, DE 59. Additionally, the Defendant raises the following affirmative defenses: statute of limitations[1],

---
[1] The statute of limitations has not run, pursuant to G.S. 28A-18-2.

laches, assumption of the risk, contributory/comparative negligence, and self defense. *Id*. at 3. Defendant has not filed a separate motion to dismiss on improper service grounds with supplemental briefing, as required by LCv.R 7.1. Defense Counsel acknowledges this requirement in the Amended Answer. Def. Amended Answer at 1, DE 59. In an abundance of caution, Plaintiff has filed this opposition to preserve all objections and arguments to the Defendant's motion. In the event Defendant Green files the required supplemental brief with any support for her position, Plaintiff requests permission to offer responsive briefing.

## BACKGROUND

On November 14, 2024, Plaintiff's Complaint was removed to this Honorable Court. Shortly after filing the Verified Complaint, Plaintiff was notified that the individual known to the parties as Daejhanae Jackson changed her name to E'Mani Green. Accordingly, the Plaintiff amended the Complaint to reflect the Defendant's new name. The first summons for Defendant Green was issued on December 30, 2024, and included her last known North Carolina address: 3023 Sherill Avenue, Jamestown, NC 27282. *See* Summons issued to E'Mani Green, DE 23 (Dec. 30, 2024). A subsequent summons was issued on January 30, 2025, and included Defendant Green's last known Connecticut address: 221 Grandview Terrace, Hartford, CT 06114. *See* Summons issued to E'Mani Green, DE 31 (Jan. 30, 2025). Despite having this Connecticut address, Defendant Green owned and operated a 2018 Honda Accord.

Several attempts were made to serve Defendant Green in North Carolina and Connecticut, but process servers in both states encountered several impediments. On April 14, 2025, after days of surveillance at the Hartford, Connecticut address, private process server Raymond Ranno of Ranno Investigative Services observed Defendant Green's 2018 Honda Accord parked in the driveway. *See* Exhibit A (Ranno Investigative Services Investigative

2

Report). However, Defendant Green was not observed in the vehicle or exiting the Connecticut home, after hours of surveillance. *Id*. Mr. Ranno's investigation revealed Defendant Green traveled frequently between Connecticut and North Carolina in 2025. *Id*.

Private process server Houssam Atassi, an agent of Caplan, Caplan & Caplan Process Services verified Defendant Green's address in North Carolina. After multiple failed attempts to serve Defendant Green in North Carolina, the process server effectuated substitute service on May 7, 2025. As stated in the affidavit of service, a copy of the Complaint and Summons was served at 3023 Sherill Avenue, Jamestown, NC 27282, on a co-resident, Mrs. Tammy Gordon, who is over the age of eighteen. *See* Exhibit B (Affidavit of Service). Mrs. Gordon confirmed that E'Mani Green was a resident of the home and accepted the documents. *Id*.

Defendant Green received the Summons, Complaint, and attached exhibits. Within 42 days of receiving the Complaint and attached documents, Defendant Green filed a Pro Se 3 Form on June 16, 2025. Def. Answer, DE 55. On the first page of the Pro Se 3 Form, Defendant Green provided the following address: 221 Grandview Terrace, Hartford, CT 06114. Def. Answer at 1, DE 55. This is the same address that the process server surveilled for over 2 weeks without seeing Defendant Green enter or exit. *See* Ex. A. On the second page of the Pro Se 3 Form, Defendant writes, "the manner of service of the summons and complaint was insufficient and did not comply with the requirements. The service was effectuated on May 7, 2025 and served to a party who is not the defendant at an address that the defendant does not reside." Def. Answer at 2, DE 55. Defendant Green also claimed the Plaintiff's Wrongful Death claim is barred by the statute of limitations. *Id*. at 3. Defendant Green did not attach any additional documents to support either assertion. *Id.*

**ARGUMENT**

**Good Cause Exists For Extending The Time For Serving Defendant E'mani Green.**

The Amended Complaint should not be dismissed because good cause exists for extending the specified time for serving Defendant Green. Pursuant to Fed. R. Civ. P. 4, if the plaintiff demonstrates good cause for effectuating service after ninety days, the Court "must extend the time for service for an appropriate period". Under LCv.R 7.1, a brief must be filed contemporaneously with a motion to dismiss.

Here, the Motion to Dismiss should be denied for several reasons. *First*, this Court should not consider the Defendant's motion to dismiss, because no brief has been filed, in violation of the local rules. Briefing provides this Court and the opposing party clarity on the underlying arguments and supporting authority for the Defendant's position. *Second*, notwithstanding the procedural issues with the Defendant's Motion, the motion is substantively lacking, and should be denied.

Despite her best efforts, the Plaintiff effectuated service after the 90 day deadline, due to the Defendant's evasive tactics.[2] In an effort to prevent the Plaintiff from having her day in court and getting much needed answers about her daughter's killing, Defendant Green went to great lengths to dodge service. Defendant Green has changed her name and maintained multiple places of residence in different states, since the murder of Shanquella Robinson. Nevertheless, the Plaintiff earnestly and deliberately attempted to serve the Defendant in accordance with all applicable rules.

---

[2] As stated in the Verified Amended Complaint, Defendant Green has intentionally evaded accountability for the death of Shanquella Robinson since the inception of this matter. Amended Compl. at ¶¶ 65-70, DE 6. Defendant Green left Mexico to avoid participating in the Mexican authorities' investigation. *Id*. Documents recently received from the FBI reveal Defendant Green was also unresponsive to the agency.

Failed attempts to serve Defendant Green in Connecticut and evidence of her spending extended periods of time in North Carolina led the Plaintiff to attempt to serve Defendant Green in North Carolina. F.R.Civ.P. 4(e)(2)(B) allows service by leaving "a copy of (the Complaint and Summons) at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." This is precisely what occurred here. Based on the private process server's sworn affidavit, Mr. Atassi determined 3023 Sherill Avenue, Jamestown, NC 27282 was a verified address and dwelling place of Defendant Green. Mrs. Tammy Gordon confirmed Defendant Green resided with her at the location, and accepted service. Therefore, substitute service was effectuated at Defendant Green's North Carolina residence in accordance with federal law. The existence of a Connecticut address does not undermine valid service.

Most importantly, Defendant Green has actual notice of the proceedings, as evidenced by her responsive pleadings, and has suffered no material harm as a result of the brief delay in service. Because good cause exists, the Defendant's Motion to Dismiss on improper service grounds raised in both the initial answer and amended answer should be stricken.

## CONCLUSION

The Plaintiff moves to strike Defendant Green's Motion to Dismiss. In light of the circumstances, a dismissal at this stage of the proceedings on improper service grounds would be an extreme sanction. If the Court finds that service is not sufficient, however, the Plaintiff humbly requests additional time to perfect service against Defendant Green.

Dated: July 15, 2025

Respectfully submitted,

/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463

614 S. Federal Highway<br>
Fort Lauderdale, FL 33301<br>
Telephone: (754) 801-0897<br>
Email: sueann@frontlinefirm.com<br>
*Pro hac vice*

/s/ Gabrielle Higgins<br>
Gabrielle Higgins, Esq.<br>
FBN: 1025840<br>
614 S. Federal Highway<br>
Fort Lauderdale, FL 33301<br>
T: 754-801-0897<br>
gabrielle@frontlinefirm.com<br>
*Pro hac vice*

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**<br>
/s/ Saleisha Nadia Averhart<br>
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)<br>
5500 McNeely Drive, Ste. 102<br>
Raleigh, North Carolina 27612<br>
T: 919-741-6798<br>
saleisha@wbaalaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 15, 2025, a true and correct copy of the foregoing was furnished via electronic mail and service, **to** all *counsel of record.*

Respectfully submitted,

/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
614 S. Federal Highway
Fort Lauderdale, FL 33301
Telephone: (754) 801-0897
Email: sueann@frontlinefirm.com
*Pro hac vice*

/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@frontlinefirm.com
*Pro hac vice*

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**
/s/ Saleisha Nadia Averhart
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)
5500 McNeely Drive, Ste. 102
Raleigh, North Carolina 27612
T: 919-741-6798
saleisha@wbaalaw.com
