IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-1002-MOC-SCR

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>E'MANI GREEN, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, and NAZEER TYREE WIGGINS<br><br>Defendants. | **DEFENDANT E'MANI GREEN'S MOTION FOR RECONSIDERATION AND OBJECTION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO REPSOND TO GREEN'S MOTION TO DISMISS** |

Defendant E'mani Green, by and through her undersigned counsel, files this Motion for Reconsideration Pursuant to Rule 59(e) and Opposition in response to Plaintiffs' Motion for an Extension of Time To Respond to Defendant's Motion to Dismiss and the Court's Order Granting same on August 29, 2025. In support, Defendant Green states as follows:

1.      Plaintiffs filed their Opposed Motion for Extension of Time on August 29, 2025 at 9:27 am.

2.      Upon receipt, counsel for Defendant Green immediately began preparing an Opposition in response, despite the Court's indication that a response was not due until 9/12/2025.

3.      However, approximately one hour later, at 10:30 AM on August 29, 2025, the Court entered a Text Order granting that Motion.

4.      Defendant Green now moves this Court to reconsider that Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

5.      A district court has the discretion to Grant a Rule 59(e) motion "to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (2002).

6.      Here, new evidence presented in this brief is sufficient to warrant this Court's reconsideration, as well as to prevent manifest injustice as to Defendant Green.

7.      Local Rule 7.1 (e) allows fourteen (14) days to respond to a filed Motion.  Plaintiffs now request double that time again, which would provide Plaintiffs with forty-five days to respond to Defendant Green's Motion to Dismiss.  This is well outside any timeline contemplated by either the Federal Rules of Civil Procedure or the Local Rules.

8.      First, Plaintiffs have already filed an Opposition to Defendant Green's Motion to Dismiss.  See ECF 61.

9.      Any further opposition filing would be, in effect, a surreply, which are explicitly disallowed by Local Rule 7.1(e), considering no request for leave has been made.

10.     Further, Plaintiffs' primary reasoning in support of the requested continuance is to obtain additional time to obtain "supporting documents" from "multiple agencies" that were hired to attempt service on Defendant Green in response to Defendant Green's Motion to Dismiss, which is based on Plaintiffs' failure to make proper service.

11.     However, Rule 4(l) of the Federal Rules of Civil Procedure requires that "proof of service must be made to the court."  Presumably, Plaintiffs should already have had all documents necessary to prove that service was made, or at least support the efforts that were made to effectuate service.

12.     Here, however, not only did Plaintiffs fail to make effective service in accordance with the Federal Rules of Civil Procedure, Plaintiffs have never filed an Affidavit of Service with the Court, as required by Rule 4(l).

13.     Thus, Plaintiffs' requested continuance seeks additional time not only to reply to Defendant Green's Motion to Dismiss, but also to comply with further violations of the Federal Rules of Civil Procedure.

14.     Plaintiffs' Motion also argues that Plaintiffs' Counsel had travel previously scheduled from August 29 to September 1 and September 4 through September 8, which presumably makes preparing a timely response difficult.

15.     However, Defendant Green's Motion to Dismiss and supporting Brief was filed on August 18, 2025. Therefore, Plaintiff's counsel had 10 days to prepare a response to Defendant Green's Motion to Dismiss prior to Plaintiff's counsel previously scheduled travel.

16.     Instead, of planning ahead for travel that she had prior knowledge of, Plaintiffs' counsel waited until August 29, 2025, day 11 of the 14 day time to respond, and the first day of her "previously scheduled" travel to file a Motion for Continuance with the Court.

17.     Finally, Plaintiffs argue that there will be no prejudice to the Defendant. This couldn't be further from the truth.

18.     Defendant Green has complied with the Federal Rules of Civil Procedure and all associated timelines in responding to Plaintiffs' Complaint and filing her Motion to Dismiss. Yet Plaintiffs continue to flaunt the Federal Rules of Civil Procedure, first ignoring the strict timelines and requirements to make effective service and now seeking an extensive continuance when Plaintiffs' failures were brought to the attention of the Court.

19.     Allowing Plaintiffs forty-five (45) days to attempt to gather evidence in opposition to Defendant Green's Motion to Dismiss directly prejudices Defendant Green, especially considering that any such supporting document should have been previously filed with the Court as part of an Affidavit of Service, and available to Defendant Green when preparing her Motion.

WHEREFORE, for the reasons stated above, Defendant Green respectfully requests that this Court reconsider its August 29, 2025, Order and deny Plaintiffss Motion for Extension of Time to Respond to Defendant Green's Motion to Dismiss.

Respectfully submitted this the 29th day of August, 2025.

**HALL BOOTH SMITH, P.C.**

/s/ Brian J. Manikowski
BRIAN MANIKOWSKI
NC Bar No.: 57649
JT MLINARCIK
NC Bar No.: 35455
***Attorneys for E'mani Green***

5420 Wade Park Boulevard
Suite 130
Raleigh, NC  27607
Phone:   (984) 247-8880
bmanikowski@hallboothsmith.com
jtmlinarcik@hallboothsmith.com

*CERTIFICATE OF SERVICE*

I hereby certify that the foregoing **DEFENDANT E'MANI GREEN'S MOTION FOR RECONSIDERATION AND OBJECTION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO REPSOND TO GREEN'S MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system and was served electronically upon the parties below:

| | |
|---|---|
| Gabrielle Higgins<br>Frontline Law FL<br>614 S. Federal Hwy<br>Fort Lauderdale, FL 33301<br>gabrielle@frontlinefirm.com<br>*Attorney for Plaintiff* | Saleisha N. Aveerhart<br>Wallis, Bowens, Averhart & Associates,<br>PLLC<br>5500 McNeely Drive, Suite 101 & 102<br>Raleigh, NC 27612<br>saleisha@wbaalaw.com<br>*Attorneys for Plaintiff* |
| Sue-Ann Robinson<br>Robinson Caddy Law<br>PO Box 1218<br>Fort Lauderdale, FL 33312<br>sueann@bencrump.com<br>*Attorney for Plaintiff* | Andrew Harris Brown<br>Brown, Faucher, Peraldo & Benson, PLLC<br>822 N Elm Street, Suite 200<br>Greensboro, NC 27401<br>dbrown@bbflaw.com<br>*Attorney for Alysse Hyatt* |
| Brian M. Williams<br>Hedrick Gardner Kincheloe & Garofalo, LO<br>4131 Parklake Ave., Suite 300<br>Raleigh, NC 27612<br>bwilliams@hedrickgardner.com<br>*Attorney for Khalil Cooke* | Gary K. Sue<br>Burton Sue & Anderson, LLP<br>PO Box 20083<br>Greensboro, NC 27420<br>*Attorney for Wenter Donovan* |
| Malik Dyer<br>81 Burlington Street<br>Hartford, CT 06112<br>*Pro Se* | Nazeer Tyree Wiggins<br>5221 Londonderry Road<br>Charlotte, NC 28210<br>Pro Se |

This the 29th day of August, 2025.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 5420 Wade Park Boulevard<br>Suite 130<br>Raleigh, NC 27607<br>Phone: (984) 247-8880<br>bmanikowski@hallboothsmith.com<br>jtmlinarcik@hallboothsmith.com | /s/ Brian J. Manikowski<br>BRIAN MANIKOWSKI<br>NC Bar No.: 57649<br>JT MLINARCIK<br>NC Bar No.: 35455<br>***Attorneys for E'mani Green*** |