UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SALLAMONDRA ROBINSON,
INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF SHANQUELLA ROBINSON,
DECEASED.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　*Plaintiff*,
v.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
E'MANI GREEN,　　　　　　　　　　　　　　)　　Case No.: 3:24-cv-01002
ALYSSE HYATT,　　　　　　　　　　　　　　)
MALIK DYER,　　　　　　　　　　　　　　　)
WENTER DONOVAN,　　　　　　　　　　　　 )
KHALIL COOKE,　　　　　　　　　　　　　　)
NAZEER TYREE WIGGINS,　　　　　　　　　　)
UNITED STATES DEPARTMENT OF　　　　　　　)
STATE, AND THE　　　　　　　　　　　　　 )
FEDERAL BUREAU OF INVESTIGATION,　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　*Defendants.*
_____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT GREEN'S MOTION TO DISMISS

**COMES NOW**, pursuant to LCvR 7.1(c), by and through undersigned counsel, Ms. Sallamondra Robinson submits this memorandum in response to Defendant's Motion to Dismiss, respectfully requests this Honorable Court to deny the Defendant's Motion, and in support thereof states as follows:

### INTRODUCTION

The State Attorney General's Office of Baja California Sur stated that Shanquella Robinson's death was not an accident but the cause of direct aggression by one of Shanquella's travel

1

companions. Amended Complaint, ECF No. 6. With no additional information or indication from the United States' government that a criminal prosecution or extradition of her daughter's attacker would commence, Ms. Robinson filed suit against who was then known as Daejhanae Jackson. Id. Ms. Robinson has been clear that she seeks accountability for her daughter's death and has done her due diligence to bring a lawsuit in the most appropriate forum for this litigation.

## STATEMENT OF FACTS

Shanquella Robinson was killed in Cabo San Lucas, Mexico in October 2022. Id. She attended a vacation with six US Citizens and residents of North Carolina and never made it home. Id. The Plaintiff, Sallomandra Robinson, received misinformation and contradicting information from her daughter's travel companions about what happened leading up to her daughter's demise. Id. Then, her daughter's final moments circulated the internet. Id. The gruesome footage depicted Shanquella being brutalized, kicked, stomped on, punched, and thrown around the room by Defendant Green, as the travel companions encouraged the beating. Id. Ms. Robinson was never given a warning about the existence of this video footage or the events depicted therein. Id.

In a paragraph titled Motion to Dismiss in Defendant Green's Amended Answer, Defendant Green asserted service was improper. Defendant Green's Amended Answer, ECF No. 59. No brief was filed contemporaneously to allow the Plaintiff to thoroughly respond to the alleged defects in service. Plaintiff's Response to Defendant Green's Amended Answer, ECF No. 61. In the abundance of caution, Plaintiff filed an opposition and attached exhibits to support good cause for the delays in service, including the affidavit of service affirmed by the process server. Id. Plaintiff maintains that any delay in service was caused by Defendant's attempts to evade and obstruct service. In addition to arguing that service was improper, Defendant Green

2

contends that Mexico is the more appropriate forum for this litigation. Defendant Green's Motion to Dismiss, ECF No. 63-1.

## ARGUMENT
### Mexico Is Not An Appropriate Alternative Forum For Any Civil Action Against E'mani Green.

This is not a litigation among foreigners. Before this Court is an action among United States citizens, all of whom were residents of North Carolina at all times material to this lawsuit.[1] The defendant who intentionally concealed criminal acts and fled criminal prosecution in Mexico claims this state is the most *inconvenient* place for this civil litigation. Defendant Green's Motion to Dismiss, ECF No. 63-1. It is curious that Defendant Green would characterize Mexico as an available alternative forum, when she faces an active warrant for her arrest in Baja California Sur, Mexico. Amended Complaint, ECF No. 6. Considering the private and public factors of the forum non conveniens analysis, this Court remains the most appropriate forum for this litigation.

The plaintiff's chosen forum should only be disturbed when private and public factors strongly indicate an undue burden on the defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." These factors include: "the private interest of the litigant"; "ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action"; "all other practical problems that make trial of a case easy, expeditious and inexpensive"; "enforceability of a judgment if one is obtained"; and "relative advantages and obstacles to fair trial". Id. Here, the overwhelming

---

[1] Erica Y. King, Anne Laurent, and Sabina Ghebremedhin, Shanquella Robinson death: Arrest warrant issued for femicide, prosecutor says, ABC News, Nov. 23, 2022, https://abcnews.go.com/US/shanquella-robinson-death-authorities-share-details-differing-autopsy/story?id=93850367.

majority of the Gulf Oil Corp. factors support this Court exercising its discretion to maintain jurisdiction over this matter.

There is great public interest in resolving controversies among United States' citizens. The plaintiff suffered her unenviable harm, here. Amended Complaint, ECF No. 6. The defendants conspired to deceive Ms. Robinson and conceal their malfeasance, here. Id. Most importantly, the American public bore witness to the fatal violence inflicted upon Shanquella Robinson, here. Id.Thus, there is considerable local interest in having these controversies decided at home.

As the plaintiff, Ms. Robinson carries the burden of proof for the causes of action alleged in the operative complaint. Ms. Robinson would bear the brunt of any supposed disadvantage that could be created by witnesses from Mexico being unable to appear for evidentiary hearings. The real challenge before the parties is the unwillingness of the co-defendants.

The defendants' actions are the cornerstone of the Amended Complaint: Defendant Green's attack of Shanquella Robinson on camera, the widespread dissemination of that violent footage in the United States, and the organized concealment of this attack from law enforcement in Mexico and federal investigators in the United States. Amended Complaint, ECF No. 6. The primary witnesses to all of these critical events are the defendants. Id. The only witnesses that have demonstrated an unwillingness to participate in the quest for clarity and accountability at home and abroad have been the defendants. Id. Past actions refute the Defendant's assertion that the "parties are available for questions regardless of where the lawsuit is pending."Defendant Green's Motion to Dismiss, ECF No. 63-1. Defendant Green allegedly moved out of North Carolina two months after returning to the United States and changed her legal name in what appears to be a thinly veiled attempt to avoid service in her home country. It is hard to believe

4

Case 3:24-cv-01002-MOC-SCR     Document 70-1     Filed 10/02/25     Page 4 of 11

that she will offer more transparency in a country she fled immediately after the events at issue and has not returned to since October 2022.

The Defendant lists individuals identified in documents obtained by Ms. Robinson in her independent investigation into her daughter's killing. Defendant Green's Motion to Dismiss, ECF No. 63-1. The parties share an interest in the testimony of these witnesses. The advancement of modern technology including video conferencing software makes evidentiary hearings accessible to these witnesses residing in Mexico at a reduced cost to all parties, including the pro se litigants. The defendant has not identified any unwilling witnesses or potential grounds of their unwillingness. Defendant Green's Motion to Dismiss, ECF No. 63. Nonetheless, video conferencing incentivizes witnesses that may otherwise be unwilling, as it reduces burdens on time and money.

The electronic dissemination of the subject video will likely implicate several material witnesses, including corporate nonparties in possession of relevant electronic data. These companies and their custodians are based in the United States. This forum offers greater ease of access to the lionshare of relevant evidence.

*Forum non conveniens* is a discretionary doctrine. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257. Resolution of each of these claims can be reached by using applicable federal law. Because of the impracticality of litigating this matter in Mexico and the overwhelming public interest, Plaintiff humbly asks this Court to retain jurisdiction over these proceedings. No alternative forum exists.

**Good Cause Exists To Permit Additional Time To Serve Defendant E'mani Green.**

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a) authorizes service of process by "delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at

the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." "If the plaintiff shows good cause for the failure [to serve the defendant within 90 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (alteration added). The North Carolina Court of Appeals has made clear "that there is no 'restrictive mandatory checklist for what constitutes due diligence' for purposes of service of process by publication," instead requiring "a case by case analysis." Jones v. Wallis, 211 N.C. App. 353, 358 (2011). Competent evidence in the record supports that Defendant Green received the summons and complaint.

This case was initially brought in state court on October 25, 2024. Original Complaint, ECF. No. 4. As stated in Plaintiff's Opposition to the Defendant's Amended Answer, attempts were made to locate Defendant Green, who was then known to the parties as Daejhanae Jackson, to effectuate service from the inception of this lawsuit. Plaintiff's Response to Defendant Green's Amended Answer, ECF No. 61. At the press conference announcing the filing of this lawsuit, Undersigned was advised that Daejhanae Jackson may be living under a different name. Id. Public record searches confirmed the woman formerly known as Daejhane Jackson legally changed her name to E'Mani Green shortly after the video depicting her beating Shanquella went public. Amended Complaint, ECF No. 6. The plaintiff never had personal contact information for E'Mani Green.

The sheriff's department attempted service on E'Mani Green in North Carolina. These attempts were unsuccessful. Public records searches revealed that Defendant Green also maintained an address in Connecticut. Ranno Investigation Report, ECF No. 61-1. Several attempts were made to make contact with Defendant Green at the listed address in Connecticut: 221 Grandview Terrace, Hartford, CT 06114. Id. The process server surveilled this Connecticut
6

location for weeks at different times of day, and did not observe Defendant Green. Id. Further investigation revealed that Defendant Green frequently traveled between Connecticut and North Carolina. Id. Therefore, it remained unclear which address was Defendant Green's primary residence. Defendant Green possessed a North Carolina issued driver's license, license plate, and car registration, but her vehicle was observed on at least one occasion in Connecticut. Id.

On May 7, 2025, a process server finally made contact with Mrs. Tammy Gordon, an occupant at Defendant Green's residential address in North Carolina. Affidavit of Service, ECF No. 61-2. Service was finally effectuated on Defendant Green at 3023 Sherill Avenue, Jamestown, NC 27282 ("Jamestown address") through Mrs. Tammy Gordon. Id. It is undisputed that Mrs. Gordon is "of suitable age and discretion" and lived at the residence. Defendant Green's Motion to Dismiss, ECF No. 63-1. The process server confirmed Defendant Green also resided at the property, as required by company policy and N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(a). Affidavit of Service, ECF No. 61-2. Additionally, Mrs. Gordon assured the process server that she would provide Defendant Green with the copy of the summons and complaint.[2] Id. Defendant Green received the pleadings, reviewed the documents, and prepared a response. E'Mani Green's Answer, ECF No. 55. Defendant Green claims she received notification of service through a text message from Mrs. Gordon. Defendant Green's Motion to Dismiss, ECF No. 63-1. Those messages were not attached as exhibits. Id.

Within a month of receiving the pleadings and attached exhibits, Defendant Green contacted the clerk of the Western District of North Carolina and filed her first "Motion for Extension of Time to Respond to Complaint," as a pro se litigant. E'Mani Green's Motion for Extension of Time to Respond to Complaint, ECF No. 51. On May 27, 2025, Defendant Green

---

[2] In Defendant's Exhibit B, Mrs. Gordon now claims she told the process server that Defendant. Green did *not* live at this location. Defendant Green's Motion to Dismiss, ECF No. 63-1. The process server emphatically denies this assertion and has no incentive to misrepresent his conversation with Mrs. Gordon.

requested additional time to retain an attorney. Id. Most importantly, in the signature block of her motion, Defendant. Green listed "3023 Sherill Avenue, Jamestown, North Carolina, 27282" as her current address. Id. On June 16, 2025, Defendant Green filed a second "Motion for Extension of Time to Respond to Complaint". E'Mani Green's Second Motion for Extension of Time to Respond to Complaint, ECF No. 54. In her second motion before this Court, Defendant Green listed the same Jamestown address as her current address. Id. Despite providing this address to the Clerk of Court, Defendant Green claims now that she has not lived at that address since April 2021. Defendant Green's Motion to Dismiss, ECF No. 63-1.

A law that permits service at one's usual place of abode intends to allow notice of the claims at a residence the defendant frequents so often it can be considered home. Earle v. McVeigh, 91 U.S. 503, 508 (1875). "When the law provides that notice may be posted on the 'front door of the party's usual place of abode,' in the absence of the family, the intention evidently is that the person against whom the notice is directed should then be living or have his home in the said house. He may be temporarily absent at the time the notice is posted, but the house must be his usual place of abode, so that when he returns home, the copy of the process posted on the front door will operate as notice, which is all that the law requires." Id. In Earle v. McVeigh, service was attempted at a location that was not the residence of either the complainant or his family. Id. at 509. Not only had the complainant left that residence, he left the city, and the attorney was well aware of his departure. Id. Here, a resident of the property confirmed that she knew E'Mani Green, lived with her, and could get the documents to Defendant Green. Affidavit of Service, ECF No. 61-2. The Jamestown address is not a former address that Defendant Green vacated with no plans to return or with new inhabitants that are unfamiliar with the defendant. To the contrary, by Defendant Green's own affidavit, she spoke with Mrs. Gordon on the same day

the process server arrived at the residence and was in actual receipt of the pleadings immediately thereafter. Defendant Green's Motion to Dismiss, ECF No. 63-1.

While it is clear from her exhibits that Defendant Green has been affiliated with multiple addresses since 2022, these documents do not refute the plaintiff's contention that she lived at the Jamestown address on May 7, 2025.

## **CONCLUSION**

The Plaintiff respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss on both grounds: *forum non conveniens* and improper service. Dismissal at this stage of the proceedings would eliminate this mother's only remaining hope of getting answers for her child. If the Court finds that service is not sufficient, however, the Plaintiff humbly requests additional time to perfect service against Defendant Green.

Dated: October 2, 2025

Respectfully submitted,

/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
614 S. Federal Highway
Fort Lauderdale, FL 33301
Telephone: (754) 801-0897
Email: sueann@frontlinefirm.com
*Pro hac vice*

/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@frontlinefirm.com
*Pro hac vice*

WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC
/s/ Saleisha Nadia Averhart
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)
5500 McNeely Drive, Ste. 102
Raleigh, North Carolina 27612
T: 919-741-6798
saleisha@wbaalaw.com

## CERTIFICATE OF COMPLIANCE WITH COURT ORDER
## AS TO USE OF ARTIFICIAL INTELLIGENCE

**I HEREBY CERTIFY** that on October 2, 2025, the foregoing document complies with the Order issued by the Court as to the use of artificial intelligence (AI) in briefs or memorandums as follows:

    1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexus, FastCase, and Bloomberg;

    2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 2nd day of October, 2025.

Respectfully submitted,

/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
614 S. Federal Highway
Fort Lauderdale, FL 33301
Telephone: (754) 801-0897
Email: sueann@frontlinefirm.com
*Pro hac vice*

/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@frontlinefirm.com
*Pro hac vice*

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**
/s/ Saleisha Nadia Averhart
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)
5500 McNeely Drive, Ste. 102
Raleigh, North Carolina 27612
T: 919-741-6798
saleisha@wbaalaw.com