IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-1002-MOC-SCR

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>E'MANI GREEN, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, and NAZEER TYREE WIGGINS<br><br>Defendants. | **DEFENDANT E'MANI GREEN'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GREEN'S MOTION TO DISMISS** |

Defendant E'mani Green, by and through her undersigned counsel, files this Reply in Response to Plaintiffs' Memorandum in Opposition to Defendant Green's Motion to Dismiss. In reply, Defendant Green states as follows:

**I.    Plaintiffs' Memorandum is an Unauthorized and Improper Surreply and Should be Disregarded**

Preliminarily, Plaintiffs' Memorandum of Law in Opposition to Defendant Green's Motion to Dismiss (the "Plaintiffs' MoL") is a surreply that is not allowed under Local Civil Rule 7.1(e). Local Civil Rule 7.1(e) states, "Responses to motions must be filed within fourteen (14) days of the date on which the motion is served. A reply to the response to a motion, if any, must be filed within seven (7) days of the date on which the response is served…Surreplies are neither anticipated nor allowed by this Rule, but leave of Court may be fought to file a surreply when warranted."

1

Here, Plaintiffs filed their initial Opposition to Defendant Green's Motion to Dismiss on July 15, 2025 (hereinafter, "Plaintiffs' Response"). Plaintiff's Response, ECF No. 61. Plaintiffs' Response contained five (5) pages of substantive factual and legal arguments and also attached two exhibits, detailing the scope of Plaintiffs' investigation into Defendant Green's location, and a purported Affidavit of Service. Exhibits to Plaintiffs' Response, ECF Nos. 61-1 and 61-2.

Defendant Green then filed her Brief in Support of her Motion to Dismiss ("Defendant's Brief") on August 18, 2025, pursuant to Local Civil Rule 7.1(c)(1). Defendant's Brief, ECF No. 63-1. Following that filing, Plaintiffs filed another brief, Plaintiffs' MoL, on October 2, 2025. This brief was, for all purposes, a surreply containing an additional nine (9) pages of substantive factual and legal arguments. While titled a Memorandum in Opposition, this was Plaintiffs' second bite at objecting to Defendant Green's Motion to Dismiss, which is, for all practical purpose, a surreply. As Plaintiffs never requested or obtained leave of the Court to file a surreply, as required by Local Civil Rule 7.1(e), Plaintiffs' MoL, filed on October 2, 2025, is improper, unauthorized, and should be disregarded by the Court.

## II.     Plaintiffs' MoL is Unsupported by Evidence and Law

Even if the Court takes Plaintiffs' MoL into consideration, Plaintiffs' arguments in opposition to Defendant Green's Motion to Dismiss are unsupported and without merit.

### a.     The Gulf Oil Factors Support Defendant's Motion to Dismiss

In an attempt to rebut Defendant Green's argument that this matter should be dismissed pursuant to the theory of *forum non conveniens*, Plaintiffs cite to *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). In *Gulf Oil*, the US Supreme Court detailed a number of factors to consider when assessing whether there is an undue burden on the defendant. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Those factors include the private interest of the litigant; the relative ease of

access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of the willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See id*.

Here, despite Plaintiffs' assertions to the contrary, the majority of these factors support dismissal of this matter, which is addressed in detail in Defendant Green's Brief. Plaintiffs' argue, however, that there is "great public interest in resolving controversies among United States' citizens" and that the "widespread dissemination" of footage of the subject incident occurred "in the United States." These conclusory statements are not supported by any evidence, affidavit or otherwise, and are also not relevant to any of the factors detailed in *Gulf Oil*. As a result, the more relevant factors, including the access to sources of proof, availability of compulsory process for attendance of witnesses, and the possibility of view of the premises, all favor dismissal pursuant to *forum non conveniens*, and the matter should be dismissed.

> **b. Plaintiffs Have Failed to Make Effective Service On Defendant Green and Good Cause Does Not Exist to Extend the Time to Do So**

In response to Defendant Green's argument that service was improper, Plaintiffs appear to argue that service via Tammy Gordon was proper as to Defendant Green, and that if it wasn't, good cause exists for the Court to grant the Plaintiffs further time to make service. However, both of these arguments fail due to lack of evidentiary support.

> i. Plaintiffs Have Failed to Present Evidence to Support their Argument That Service on Tammy Gordon was Effective as to Defendant Green

Defendant Green, in Defendants' Brief, presented substantial evidence that the "service" on Tammy Gordon was not effective as to Defendant Green, including signed affidavits of both Defendant Green and Tammy Gordon. In Mrs. Gordon's affidavit, she specifically stated that she

told the process server that Defendant Green was not a resident of 3023 Sherill Avenue. ECF No. 63-3. Defendant Green corroborated this statement in her own Affidavit. ECF No. 63-2.

In response, Plaintiffs argue that "the process server emphatically denies this assertion" and that "the process server confirmed Defendant Green also resided at the property." However, Plaintiffs have failed to support either of these arguments with actual evidence. Plaintiffs have failed to produce an affidavit from the process server, verifying that they "emphatically deny this assertion." Further, the only document that Plaintiffs reference is the Affidavit of Service, which does not, confirm that "Defendant Green also resided at the property." Instead, the only related information contained in the Affidavit of Service is as follows: "SUBSTITUTE SERVICE: By serving (Mrs. Tammy Gordon), as (Co-Resident)" where the process server hand wrote in "Mrs. Tammy Gordon" and "Co-Resident." ECF No. 61-2. Not only does this not establish, or make reference to whether or not Defendant Green resided at the property, this "Affidavit of Service" was never field with the Court, as required by the Rules of Civil Procedure, until Plaintiffs attached it as an exhibit to Plaintiffs' Response, filed July 15, 2025.

Plaintiffs also point to the fact that Defendant Green, representing herself pro-se at the time, listed her address as 3023 Sherill Avenue, Jamestown, North Carolina 27282 on two Motions for Extensions of Time that were filed with the Court in May and June 2025 respectively. However, this was a pro-se Defendant's attempt to reply to important Court documents with the address listed on the summons, so as not to be misidentified by the Court, while also not understanding the significance of that address. Importantly, you can see from the Priority Mail Express envelopes in which these motions were sent to the Court, that both envelopes are postmarked by the USPS in Hartford, Connecticut. ECF Nos. 51-1 and 54-1.

4

ii.   Plaintiffs' Have Failed to Present Evidence of Good Cause Sufficient to Warrant an Extension to Serve Defendant Green

Finally, even if Plaintiffs' service of Defendant Green was proper, which Plaintiffs have failed to establish, that service was not made until May 7, 2025, 166 days after Plaintiffs' Amended Complaint was filed, and well outside the 90-day deadline imposed by Rule 4(m) of the Federal Rules of Civil Procedure. Now, Plaintiffs ask the Court, retroactively, for an extension to make service on Defendant Green.

Plaintiffs, however, have failed to show any "good cause" as to why their service efforts were late. To the contrary, the evidence is quite clear. Plaintiffs were aware of Defendant Green's prior North Carolina address as of December 30, 2024 and Defendant Green's Connecticut address as of January 30, 2025, both well within the ninety (90) day deadline. Yet, despite this knowledge, Plaintiffs did not even hire a private process server, Ranno Investigative Services, until April 1, 2025, which was already well outside of the ninety (90) day service deadline. The Plaintiffs have not only failed to show good cause, they have provided the Court with no explanation for this unexcusable delay in service. "It is Plaintiffs' burden to follow the Federal Rules of Civil Procedure when prosecuting an action. Early among those rules is the well-known requirement that a plaintiff serve a copy of the summons and complaint within ninety days of filing the complaint." *Beasley v. Bojangles' Restaurants, Inc.*, No. 1:17CV255, 2018 WL 4518693, at *2 (M.D.N.C. Sept. 20, 2018) (distinguishing *Karlsson* where the Plaintiff made attempts at service prior to the expiration of the 90 days as required and finding no "explanation for their dilatory service, much less an argument for good cause" *Id*. at *3).

Finally, at no time prior to Plaintiffs' Response, dated July 15, 2025, did Plaintiffs request an extension from the Court to make service on Defendant Green. Now, at the 11th Hour, Plaintiffs request a retroactive reprieve from the Court to save themselves from a deadline that is long since

5

past. Any such retroactive extension would violate all notions of equity and fair play that the Federal Rules of Civil Procedure are specifically designed to protect against.

WHEREFORE, for the reasons stated above, Defendant Green respectfully requests that this Court grant Defendant Green's Motion to Dismiss.

Respectfully submitted this the 9th day of October, 2025.

**HALL BOOTH SMITH, P.C.**

/s/ Brian J. Manikowski_____
BRIAN MANIKOWSKI
NC Bar No.: 57649
JT MLINARCIK
NC Bar No.: 35455
***Attorneys for E'mani Green***

5420 Wade Park Boulevard
Suite 130
Raleigh, NC  27607
Phone:   (984) 247-8880
bmanikowski@hallboothsmith.com
jtmlinarcik@hallboothsmith.com

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT E'MANI GREEN'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO GREEN'S MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system and was served electronically upon the parties below:

| | |
|---|---|
| Gabrielle Higgins<br>Frontline Law FL<br>614 S. Federal Hwy<br>Fort Lauderdale, FL 33301<br>gabrielle@frontlinefirm.com<br>*Attorney for Plaintiff* | Saleisha N. Aveerhart<br>Wallis, Bowens, Averhart & Associates, PLLC<br>5500 McNeely Drive, Suite 101 & 102<br>Raleigh, NC 27612<br>saleisha@wbaalaw.com<br>*Attorneys for Plaintiff* |
| Sue-Ann Robinson<br>Robinson Caddy Law<br>PO Box 1218<br>Fort Lauderdale, FL 33312<br>sueann@bencrump.com<br>*Attorney for Plaintiff* | Andrew Harris Brown<br>Brown, Faucher, Peraldo & Benson, PLLC<br>822 N Elm Street, Suite 200<br>Greensboro, NC 27401<br>dbrown@bbflaw.com<br>*Attorney for Alysse Hyatt* |
| Brian M. Williams<br>Hedrick Gardner Kincheloe & Garofalo, LO<br>4131 Parklake Ave., Suite 300<br>Raleigh, NC 27612<br>bwilliams@hedrickgardner.com<br>*Attorney for Khalil Cooke* | Gary K. Sue<br>Burton Sue & Anderson, LLP<br>PO Box 20083<br>Greensboro, NC 27420<br>*Attorney for Wenter Donovan* |
| Malik Dyer<br>81 Burlington Street<br>Hartford, CT 06112<br>*Pro Se* | Nazeer Tyree Wiggins<br>5221 Londonderry Road<br>Charlotte, NC 28210<br>Pro Se |

This the 9th day of October, 2025.

**HALL BOOTH SMITH, P.C.**

5420 Wade Park Boulevard
Suite 130
Raleigh, NC 27607
Phone:  (984) 247-8880
bmanikowski@hallboothsmith.com
jtmlinarcik@hallboothsmith.com

/s/ Brian J. Manikowski
BRIAN MANIKOWSKI
NC Bar No.: 57649
JT MLINARCIK
NC Bar No.: 35455
*Attorneys for E'mani Green*

7