UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-1002-MOC

| SALLAMONDRA ROBINSON, | ) | |
|---|---|---|
| **Individually and as Personal Representative of the** | ) | |
| **Estate of Shanquella Robinson,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **ALYSSE HYATT, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on its own Motion. Plaintiff originally filed this action in Mecklenburg County Superior Court. (Doc. No. 1). The Federal Bureau of Investigation ("FBI") and the United States Department of State (the "State Department") removed this action to this Court. (Id.). The FBI and State Department invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1346(b)(1), and 5 U.S.C. § 552(B). (Id. at 3–5).

Thereafter, Plaintiff filed an Amended Complaint which stated that "[j]urisdiction is proper pursuant to N.C. GEN. STAT. 1-82." (Doc. No. 6 at 1). The Amended Complaint alleged that Plaintiff and all of the individual defendants are residents of North Carolina. (Id. at 2). Additionally, the Amended Complaint asserted various state law claims against the individual defendants, negligence against the FBI and State Department through the Federal Tort Claims Act, and failure to release records against the FBI pursuant to 5 U.S.C. § 552(a). (Doc. No. 6 at 8–13).

-1-

This Court dismissed all Plaintiff's claims against the FBI and State Department on June 13, 2025. (Doc. No. 53). Accordingly, Plaintiff's only remaining claims are state law claims against North Carolina residents.

Courts have "an independent duty to ensure jurisdiction is proper and, if there is a question of jurisdiction, courts must raise lack of subject-matter jurisdiction on their own motion." Mehan v. Inova Health Care Servs. Corp., No. 1:23-cv-1510, 2023 WL 8369585, at *1 (E.D. Va. Dec. 4, 2023) (citation modified); see Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (stating that "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" (citation modified)). If the Court determines that it lacks subject matter jurisdiction over a removed case, remand is the appropriate remedy. See 28 U.S.C. § 1441(c).

Given that the Court has dismissed Plaintiff's federal claims against the FBI and State Department, and all parties reside in North Carolina, the parties are directed to brief and address (1) whether this Court has federal question or diversity jurisdiction over Plaintiff's remaining claims, and (2) if not, why this Court should or should not exercise supplementary jurisdiction over Plaintiff's remaining claims.

The parties are encouraged to meet and confer. If the parties agree that this Court lacks subject matter jurisdiction, they may file a motion requesting that the Court remand this action to the Mecklenburg County Superior Court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendants shall file a brief addressing (1) whether this Court has federal question or diversity jurisdiction over Plaintiff's remaining claims, and (2) if not, why this Court should or should not exercise supplementary jurisdiction over Plaintiff's remaining claims.

Defendants shall have 21 days from the date of this Order to file their briefs. Plaintiff shall have 21 days to respond after the last Defendant files his or her brief, or after the expiration of Defendants' 21-day period if a Defendant fails to file a brief.

Signed: November 5, 2025

Max O. Cogburn Jr.
United States District Judge