IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-1002-MOC-SCR

| | |
|---|---|
| SALLAMONDRA ROBINSON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHANQUELLA ROBINSON, DECEASED<br><br>Plaintiff,<br><br>v.<br><br>E'MANI GREEN, ALYSSE HYATT, MALIK DYER, WENTER DONOVAN, KHALIL COOKE, and NAZEER TYREE WIGGINS<br><br>Defendants. | **DEFENDANTS' BRIEF ADDRESSING THIS COURT'S JURISDICTION** |

NOW COME, Defendants E'mani Green, Alysse Hyatt, and Wenter Donovan, by and through their undersigned counsel, and file this Brief in response to this Court's Order, dated November 5, 2025, requiring the Defendants to address whether the Court has federal question or diversity jurisdiction over the Court's remaining claims and if, not, whether the Court should exercise supplementary jurisdiction over those same claims. In response, Defendants state as follows:

**I.      This Court Had Original Jurisdiction Over this Lawsuit Arising Out of Plaintiff's Claims Against the FBI and State Department**

This matter was originally filed in the Superior Court Division of Mecklenburg County, North Carolina on October 28, 2024. Plaintiff's Verified Complaint, ECF No. 1-1. The Verified Complaint filed by the Plaintiffs named the current defendants as well as the Federal Bureau of Investigation and the United States Department of State (the "Federal Defendants"). *See id*. As a

1

result, the Federal Defendants removed this matter to the United States District Court for the Western District of North Carolina on November 22, 2024 pursuant to 28 U.S.C. §1441(a), which states, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Further, 28 U.S.C. §1442 gives this Court original jurisdiction over "a civil action or criminal prosecution that is commenced in a State Court and that is against or directed to…The United States or any agency thereof..." 28 U.S.C. §1442.

Therefore, it is undisputed that this Court had original jurisdiction over this lawsuit, arising out of Plaintiff's claims against the Federal Defendants. However, following briefing on the Federal Defendants' Motion to Dismiss, this Court entered an Order dated June 13, 2025, dismissing Plaintiff's claims against the Federal Defendants with prejudice. Court's June 13 Order, ECF No. 53. As a result, the only remaining claims pending at this time are tort claims plead pursuant to North Carolina state law, asserted by the Plaintiff against the remaining individual defendants. Thus, no federal question jurisdiction exists.

## II.     There is No Diversity Jurisdiction

Congress permits federal courts to adjudicate civil lawsuits involving more than $75,000.00 brought between citizens of different states, between U.S. and foreign citizens, or by foreign states against U.S. citizens. 28 U.S.C. § 1332(a). However, there must be "complete diversity" — that is, no plaintiff may be from the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553–54 (2005).

Here, there is no such complete diversity, as both the Plaintiff, Sallamondra Robinson, and numerous defendants, including Alysse Hyatt and Khalil Cooke are residents of North Carolina.

*See* Plaintiff's Amended Complaint, ECF No. 6 at ¶¶4 – 10.  As a result of this lack of complete diversity, the Court does not have subject matter jurisdiction based on the diversity of the parties.

**III.   This Court Should Exercise Supplemental Jurisdiction Over the Plaintiff's Remaining Claims Against the Defendants**

However, despite the lack of diversity jurisdiction and the loss of original jurisdiction following the dismissal of the Federal Defendants, this Court should exercise supplemental jurisdiction over the Plaintiffs remaining claims against the Defendants.  "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C §1367(a).  "Federal supplemental jurisdiction was created by the Judicial Improvement Act of 1990, which codified the doctrine of pendent jurisdiction developed by the Supreme Court in the case of *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and its progeny."  *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).

While the court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction," Congress's use of the word "may" establishes that a court has discretion whether to exercise supplemental jurisdiction over the remaining state law claims.  *Mayo v. Rocky Mount Police Dep't*, No. 5:22-CV-000289-M, 2025 WL 1699852, at *6 (E.D.N.C. Mar. 31, 2025), *report and recommendation adopted*, No. 5:22-CV-00289-M-RN, 2025 WL 1699547 (E.D.N.C. June 17, 2025).  "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.  *See* § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which

3

it has original jurisdiction" (emphasis added))." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Whether to do so in any particular case is left to the discretion of the court after consideration of "a host of factors[.]" *See Chicago* v. *Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). This conclusion is confirmed by numerous appellate decisions addressing the ability of federal courts to retain supplemental jurisdiction after the dismissal of federal claims. *See Mayo v. Rocky Mount Police Dep't.*, at 6.

As addressed in more detailed above, Plaintiff's claims against the Federal Defendants gave this Court original jurisdiction pursuant to 28 U.S.C. §1442. Further, it is undisputed that the claims against the remaining defendants arise out of the same "case or controversy" as the claims Plaintiff initially asserted against the Federal Defendants, namely the death of Shanquella Robinson that occurred during a trip to Cabo San Lucas, Mexico in October 2022. Therefore, upon dismissal of those claims following the Court's Order on June 13, 2025, this Court has the discretion to assert supplemental jurisdiction against the remaining claims, and should, for a number of reasons.

When determining whether to assert supplemental jurisdiction, the Supreme Court, in *United Mine Workers of America v. Gibbs*, stated that "its justification lies in considerations of juridical economy, convenience and fairness to litigants" as well as "comity and to promote justice between parties, by procuring a surer-footed reading of applicable law." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, each of these factors supports this Court exercising supplemental jurisdiction.

a. **Judicial Economy and Convenience**

The Court's exercise of supplemental jurisdiction would benefit judicial economy and convenience. The case is already pending before this Court, and exercising supplemental

4

jurisdiction would maintain that status quo. Further, there are currently pending motions in front of this Court, including Motions to Dismiss for Improper Venue filed by Alysse Hyatt, Wenter Donovan, Khalil Cooke, E'Mani Green and Malik Dyer, as well as a Motion to Dismiss for Improper service filed by E'Mani Green. Should this Court remand this case back to State Court, the parties will need to refile and rebrief those pending motions, creating further delay and putting additional burden on both the parties and the court system. Should the court exercise supplemental jurisdiction, this Court is able to rule on those pending motions without the need for refiling or additional briefing.

      b.      **Fairness to Litigants**

While the Defendants respect the fairness and impartiality of both this Court and the Mecklenburg County Superior Court, given the significant issues of both Federal civil procedure and international law present in this case, the Defendants would suggest it would be most fair to all parties for this Court to exercise supplemental jurisdiction over this matter.

      c.      **Comity**

As addressed in more detail below, this case presents significant issues of both Federal civil procedure and international law. This Court is substantially better situated to address and respect issues of federal and international comity than the Mecklenburg County Superior Court. As a result, when considering comity, this Court should exercise supplemental jurisdiction.

      d.      **Surer-Footed Reading of Applicable Law**

Here, there is no question that this Court is best suited to provide a "surer-footed" reading of applicable law. First, Defendant Green's pending Motion to Dismiss is based upon Plaintiff's failure to make proper service pursuant to the Federal Rules of Civil Procedure, as the case was pending in this Court when the summonses were issued and service was attempted. Should the

5

Court remand this case back to State Court, a State Court judge would need to apply Federal procedural law when deciding that motion. While there is no doubt that a State Court judge is able to do so, Federal procedure is the *bread and butter* of this Court, and therefore, this Court would certainly provide a "surer-footed" reading of the applicable law, as contemplated by *United Mine Workers*.

Further, looking for a moment past the pending Motions to Dismiss, the Plaintiff in this matter has asserted tort claims that arise out of actions that took place in Cabo San Lucas, Mexico. In North Carolina, "in actions arising in tort, the doctrine of *lex loci deliciti* provides that the law of the state where the tort was allegedly committed controls the substantive issues of the case." *Gbye v. Gbye*, 130 N.C.App. 585 (1998). Therefore, those claims, should they survive the pending Motions to Dismiss, would need to be decided by an application of Mexican tort law. This Court, and its resources, are significantly better situated to apply international law than the Superior Court of Mecklenburg County, which will have little to no experience in applying international law, and limited resources on which to rely on to do so.

Therefore, the Defendants would suggest that this prong, potentially more so than all others, supports this Court's exercise of supplemental jurisdiction.

IV. **In The Alternative, The Court Should Exercise Supplemental Jurisdiction For The Limited Purpose of Ruling On Defendant Green's Motion to Dismiss For Failure to Make Service**

To the extent that the Court is not inclined to exercise supplemental jurisdiction as to all of Plaintiff's remaining claims against the Defendants, Defendant Green would request that this Court exercise supplemental jurisdiction for the limited purpose of ruling on Defendant Green's Motion to Dismiss for Failure to Make Service. That motion is currently pending before the Court and has been fully briefed by all parties. Further, Plaintiff's attempts at service were made via Federal summonses and pursuant to the Federal Rules of Civil Procedure. Therefore, this Court is best

6

situated to provide a "surer-footed" reading of the applicable law as to that specific pending motion.

V. **Conclusion**

For the reasons outlined above, Defendants respectfully request that this Court exercise supplemental jurisdiction over Plaintiff's remaining claims against the Defendants. In the alternative, to the extent that the Court is not inclined to exercise supplemental jurisdiction as to all remaining claims, Defendant Green respectfully requests that this Court exercise limited supplemental jurisdiction for the purpose of ruling on the pending Motion to Dismiss for improper service pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted this the 26th day of November, 2025.

| | |
|---|---|
| **HALL BOOTH SMITH, PC** | **BROWN, FAUCHER, PERALDO & BENSON** |
| */s/ Brian J. Manikowski* | */s/ Andrew Harris Brown* |
| Brian J. Manikowski | Andrew Harris Brown |
| NC Bar No.: 57649 | NC Bar No.: 28450 |
| 5420 Wade Park Boulevard | 822 N. Elm Street, Suite 200 |
| Suite 130 | Greensboro, NC 27401 |
| Raleigh, NC 27607 | dbrown@bbflaw.com |
| bmanikowski@hallboothsmith.com | Attorney for Alysse Hyatt |

**BURTON SUE & ANDERSON, LLP**

*/s/ Gary K. Sue*
Gary K. Sue
NC Bar No.: 13128
PO Box 20083
Greensboro, NC 27420
gks@sa-nclaw.com
Attorney for Wenter Donovan

7

Case 3:24-cv-01002-MOC-SCR    Document 78    Filed 11/26/25    Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANTS' BRIEF ADDRESSING THIS COURT'S JURISDICTION** was filed electronically with the Clerk of Court using the CM/ECF system and was served electronically upon the parties below:

Gabrielle Higgins
Frontline Law FL
614 S. Federal Hwy
Fort Lauderdale, FL  33301
gabrielle@frontlinefirm.com
*Attorney for Plaintiff*

Sue-Ann Robinson
Robinson Caddy Law
PO Box 1218
Fort Lauderdale, FL  33312
sueann@bencrump.com
*Attorney for Plaintiff*

Brian M. Williams
Hedrick Gardner Kincheloe & Garofalo, LO
4131 Parklake Ave., Suite 300
Raleigh, NC  27612
bwilliams@hedrickgardner.com
*Attorney for Khalil Cooke*

Malik Dyer
81 Burlington Street
Hartford, CT  06112
*Pro Se*

Saleisha N. Aveerhart
Wallis, Bowens, Averhart & Associates, PLLC
5500 McNeely Drive, Suite 101 & 102
Raleigh, NC  27612
saleisha@wbaalaw.com
*Attorneys for Plaintiff*

Andrew Harris Brown
Brown, Faucher, Peraldo & Benson, PLLC
822 N Elm Street, Suite 200
Greensboro, NC  27401
dbrown@bbflaw.com
*Attorney for Alysse Hyatt*

Gary K. Sue
Burton Sue & Anderson, LLP
PO Box 20083
Greensboro, NC  27420
*Attorney for Wenter Donovan*

Nazeer Tyree Wiggins
5221 Londonderry Road
Charlotte, NC  28210
*Pro Se*

This the 26th day of November, 2025.

**HALL BOOTH SMITH, P.C.**

5420 Wade Park Boulevard
Suite 130
Raleigh, NC  27607
Phone:   (984) 247-8880
bmanikowski@hallboothsmith.com
jtmlinarcik@hallboothsmith.com

*/s/ Brian J. Manikowski*
BRIAN MANIKOWSKI
NC Bar No.: 57649
JT MLINARCIK
NC Bar No.: 35455
**Attorneys for E'mani Green**