| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 3:24-cv-01002 |

SALLAMONDRA ROBINSON, )
INDIVIDUALLY AND AS )
PERSONAL REPRESENTATIVE OF )
THE ESTATE OF SHANQUELLA ROBINSON, )
DECEASED. )
)
    *Plaintiff*,

v. )
)
E'MANI GREEN, )
ALYSSE HYATT, )
MALIK DYER, )
WENTER DONOVAN, )
KHALIL COOKE, )
NAZEER TYREE WIGGINS, )
UNITED STATES DEPARTMENT OF )
STATE, AND THE )
FEDERAL BUREAU OF INVESTIGATION, )
)
    *Defendants*.
_____/

## PLAINTIFF'S RESPONSE ADDRESSING THIS COURT'S JURISDICTION

**COMES NOW**, Plaintiff Sallamondra Robinson by and through Undersigned Counsel, files this Response to Defendants' Brief Addressing the Court's Jurisdiction. Plaintiff states as follows:

All of the parties agree this Court possesses neither diversity jurisdiction nor federal question jurisdiction in the present action.

    The Plaintiff initially brought this case before the Mecklenburg County Superior Court. Plaintiff's Verified Complaint, ECF No. 1-1. The inclusion of the Federal Defendants in the Complaint led to the removal of this case on November 22, 2024 to the United District Court for

the Western District of North Carolina. With the dismissal of claims brought against the Federal Defendants on June 13, 2025, no federal question remained. ECF No. 53. Because the remaining parties are residents of North Carolina, no diversity exists. Defendant Green asks this Court to exercise supplemental jurisdiction to rule on their pending motion to dismiss. This Honorable Court is not required to do so.

None of the considerations itemized in United Mine Workers of America v. Gibbs, justify the exercise of supplemental jurisdiction. 383 U.S. 715, 725. Returning this case to state court would not significantly threaten judicial economy, convenience, or fairness to litigants. This action is still in the early stages of the litigation process. No discovery has been conducted. A scheduling order has not been entered. Trial is not set. The parties have conferred, at the suggestion of the Court, but no material commitments have been made to indicate an expedited resolution of this matter. Therefore, the parties are not likely to be severely prejudiced by removal at this time.

In their brief, Defendant Green expresses concern about the "numerous motions" currently pending before this Court. Defendant Green's Brief Addressing This Court's Jurisdiction, ECF No. 78. While there are several pages of briefing filed before this Court, there are few arguments raised. All of the defendants have advanced some iteration of a *forum non conveniens* argument for dismissal. Defendants' Hyatt and Donovan Motions to Dismiss, ECF No. 33; Defendant Cooke's Motion to Dismiss ECF No. 42; Defendant Green's Motion to Dismiss ECF No. 63. The Plaintiff contends a United States court is the most appropriate forum to determine these issues. We are not too far in the litigation process to require this Court to use its discretion to keep this case here.

Next, Defendant Green argues this Court should not remove this case to the Mecklenburg County Superior Court to ensure a "sure-footed reading of applicable law." Defendant Green's Brief Addressing This Court's Jurisdiction, ECF No. 78. On this, the parties emphatically disagree. The Defendant offers no valid support for this conclusory assertion that any one of the esteemed state court judges are ill-equipped to apply Mexican tort law and federal law. Id. To the contrary, state courts across the country have repeatedly applied international law and federal law, when necessary.

The Defendant's contention is particularly curious, in light of their previous suggestion that a Mexican civil court is the only appropriate forum for this litigation. ECF No. 72. Arguably, a United States' state court is in a better position to provide a sure-footed reading of applicable federal law than a Mexican civil court.

Additionally, whether in federal or state court, the presiding judge will have to apply state law throughout this litigation. While the Defendants focus on the fatal incident that serves as the impetus for this case, the operative complaint alleges several additional unlawful actions taken by the Cabo Six Defendants upon their return to North Carolina. Verified Complaint, ECF No. 1-1. The Plaintiff contends that the majority of claims, like civil conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress, exclusively implicate state law. Id. State courts are equally positioned to apply the laws germane to all of the surviving claims.

In the alternative, Defendant Green asks this Court to rule exclusively on their pending Motion to Dismiss for Improper Service before. Defendant Green's Brief Addressing This Court's Jurisdiction, ECF No. 78. As expressed in previous briefing, Plaintiff maintains that Defendant Green's evasive tactics ought not absolve her from accountability in the present case

and good faith efforts were made to find the defendant under all given names and serve her at all known addresses.

## CONCLUSION

The Plaintiff courageously brought this case to get much-needed answers and accountability. Shanquella Robinson was brutally killed, and her attack was caught on camera. Her grieving mother is seeking her day in court. Plaintiff respectfully requests this Honorable Court remand this matter to the Mecklenburg County Superior Court for further proceedings.

Respectfully submitted on this 16th day of December, 2025.

**FRONTLINE FIRM**
/s/ Sue-Ann Robinson
Sue-Ann Robinson, Esq.
FBN: 29463
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
sueann@frontlinefirm.com

/s/ Gabrielle Higgins
Gabrielle Higgins, Esq.
FBN: 1025840
614 S. Federal Highway
Fort Lauderdale, FL 33301
T: 754-801-0897
gabrielle@frontlinefirm.com

**WALLIS, BOWENS, AVERHART & ASSOCIATES, PLLC**
/s/ Saleisha Nadia Averhart
Saleisha Nadia Averhart, Esq. (NC State Bar No. 40178)
5500 McNeely Drive, Ste. 102
Raleigh, North Carolina 27612
T: 919-741-6798
saleisha@wbaalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of Court via the CM/ECF system and was served electronically upon the parties below:

Andrew H. Brown
Brown, Faucher, Peraldo & Benson, PLLC
822 N Elm Street, Suite 200
Greensboro, NC 27401
dbrown@bbflaw.com
Attorney for Alysse Hyatt

Brian J. Manikowski
JT Mlinarcik
Hall Booth Smith, PC
5420 Wade Park Boulevard, Suite 130
Raleigh, NC 27607
bmanikowski@hallboothsmith.com
jtmlinarcik@hallboothsmith.com
Attorneys for E'mani Green

Gary K. Sue
Sue, Anderson & Bordman, LLP
PO Box 20083
Greensboro, NC 27420
gks@sa-nclaw.com
Attorney for Wenter Donovan

Malik Dyer
81 Burlington Street
Hartford, CT 06112
Pro Se

Nazeer Tyree Wiggins
5221 Londonderry Road
Charlotte, NC 28210
Pro Se