UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-1002-MOC-SCR

| | |
|---|---|
| SALLAMONDRA ROBINSON, **Individually and as Personal Representative of the Estate of Shanquella Robinson** | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| JACKSON, ET AL., | ) ) |
| Defendants. | ) |

ORDER

**THIS MATTER** is before the Court on its own Motion. Having ordered the parties to address whether this Court has subject matter jurisdiction over Plaintiff's remaining state law claims, and upon considering the parties' arguments, the Court **REMANDS** this matter to the Mecklenburg County Superior Court.

## I. BACKGROUND

Plaintiff originally filed this action in Mecklenburg County Superior Court. (Doc. No. 1). The Federal Bureau of Investigation ("FBI") and the United States Department of State (the "State Department") removed this action to this Court, invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1346(b)(1), and 5 U.S.C. § 552(B). (Id. at 3–5).

Thereafter, Plaintiff filed an Amended Complaint which stated that "[j]urisdiction is proper pursuant to N.C. Gen. Stat. 1-82." (Doc. No. 6 at 1). The Amended Complaint asserted various state-law causes of action against the individual defendants, negligence against the FBI

-1-

and State Department through the Federal Tort Claims Act, and failure to release records pursuant to 5 U.S.C. § 552(a) (the Freedom of Information Act ("FOIA")) against the FBI. (Id. at 8–13). Additionally, Plaintiff alleged that she and the individual defendants are residents of North Carolina. (Id. at 2).

This Court dismissed Plaintiff's claims against the FBI and State Department on June 13, 2025. (Doc. No. 53). First, the Court determined that it lacked subject matter jurisdiction over Plaintiff's tort claims because such claims were barred by the Federal Tort Claims Act ("FTCA"). (Doc. No. 53). Second, the Court held that it lacked derivative subject matter jurisdiction over Plaintiff's FOIA claims because those claims were originally filed in state court, which did not have jurisdiction over them. (Id.). Accordingly, Plaintiff's only remaining claims are state law claims against the individual defendants.

On November 5, 2025, the Court sua sponte ordered the parties to address "(1) whether this Court has federal question or diversity jurisdiction over Plaintiffs remaining claims, and (2) if not, why this Court should or should not exercise supplementary jurisdiction over Plaintiffs remaining claims." (Doc. No. 75). The parties agreed that this Court did not have either federal question or diversity jurisdiction over Plaintiff's claims, but they disagreed as to whether this Court should exercise supplemental jurisdiction over this matter. (Doc. Nos. 77–79). Defendants argued for jurisdiction, and Plaintiff argued against jurisdiction. (Id.).

This matter is ripe for disposition.

## II. DISCUSSION

Courts have "an independent duty to ensure jurisdiction is proper and, if there is a question of jurisdiction, courts must raise lack of subject-matter jurisdiction on their own

-2-

Case 3:24-cv-01002-MOC-SCR    Document 80    Filed 01/28/26    Page 2 of 5

motion." Mehan v. Inova Health Care Servs. Corp., No. 1:23-cv-1510, 2023 WL 8369585, at *1 (E.D. Va. Dec. 4, 2023) (citation modified); see Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (stating that "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" (citation modified)). Remand is the appropriate remedy when the Court determines that it lacks subject matter jurisdiction over a removed case. See 28 U.S.C. § 1441(c).

If the Court has original jurisdiction over at least one of Plaintiff's claims, the Court may exercise supplemental jurisdiction over Plaintiff's other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Generally speaking, the exercise of supplemental jurisdiction is discretionary. Indeed, 28 U.S.C. § 1367(c) states that the Court

> may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(Emphasis added).

However, a court has no discretion to assert jurisdiction over supplemental state law claims when it does not have subject matter jurisdiction over the claims that supposedly arose under the court's original jurisdiction. Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 n.11

(1st Cir. 1995); Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017); Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011); U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex., 898 F.3d 497, 503 (5th Cir. 2018); Musson Theatrical v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Rivera v. Allstate Ins. Co., 913 F.3d 603, 617–18 (7th Cir. 2018); Herman Fam. Revoc. Tr. v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999); Saksenasingh v. Sec'y of Educ., 126 F.3d 347, 351 (D.C.C. 1997); Textile Prods. v. Mead Corp., 134 F.3d 1481, 1485–86 (Fed. Cir. 1998); see also 15A Moore's Federal Practice, § 106.66(1) (3d ed. 2025).

In other words, "supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." Herman Fam. Revoc. Tr., 254 F.3d at 805. Without such a hook, the supplemental claims must be dismissed. This is so because 28 U.S.C. § 1367(a) explicitly states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Cohen, 873 F.3d at 399 (citation modified) (quoting 28 U.S.C. § 1367(a)) (emphasis in original). Thus, when there is no original jurisdiction, there can be no supplemental jurisdiction.

Here, the Court dismissed Plaintiff's federal question claims for lack of subject matter jurisdiction. As such, the Court may not exercise supplemental jurisdiction over the rest of Plaintiff's claims, which consist of state law claims that do not meet the requirements of diversity jurisdiction. Accordingly, the Court is left with no choice but to remand Plaintiff's suit to Mecklenburg County Superior Court. See 28 U.S.C. § 1441(c).

**ORDER**

**IT IS, THEREFORE, ORDERED** that this matter be **REMANDED** to the Mecklenburg County Superior Court.

Signed: January 27, 2026

Max O. Cogburn Jr
United States District Judge